In the Matter of the Application of Joseph F. Darling, Appellant, to Review the Proceedings of John T. Dooling et al., Constituting the Board of Elections of the City of New York, Respondents.

*Matter of Darling,* 121 App. Div. 656, affirmed.
(Argued October 31, 1907; decided October 31, 1907.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 28, 1907, which affirmed an order of Special Term dismissing a proceeding for the summary review of the action of the board of elections of the city of New York in refusing to receive a certificate of nomination of Joseph F. Darling as the candidate of the Republican party for the office of justice of the Municipal Court for the fourth district of the borough of Manhattan.

*Francis L. Kohlman* and *Augustus N. Hand* for appellant.

*Francis K. Pendleton, Corporation Counsel (Terence Farley* and *Daniel F. Cohalan* of counsel), for respondents.

*Per Curiam.* Though we regard the statutory requirement as to the time when certificates of nomination should be filed as mandatory, a majority of the court are of the opinion that there may occur accidents and mistakes, causing delay in such filing, from the effects of which the Supreme Court in either branch may, under section 56 of the Election Law, relieve, provided it finds that the delay has not been due to the negligence or fault of the convention making the nomination, or of the party to whom the filing of the certificate was intrusted. (See *Matter of Clark*, 168 N. Y. 427.) But the question in each case, whether there has been excusable default or misfortune, depends upon the particular facts, and the determination of the question rests in the Supreme Court. In this case, if the Appellate Division of the Supreme Court had deemed it a proper exercise of discretion, the majority of this court think it would have had power to relieve the petitioner, provided, of course, that there were no *laches* in making the application, and the granting of the application would not involve confusion in preparing the election ballots. But these matters were in the discretion of the Supreme Court, and with that discretion, reasonably exercised, we feel we have no power to interfere.

CULLEN, Ch. J., O'BRIEN and CHASE, JJ., concur. GRAY, J., concurs in the affirmance of the order upon the ground that the provision of the statute is mandatory with respect to the filing of the certificate, and that the relief which may be granted under section 56 of the statute is appropriate only where a certificate has, in fact, been filed, which is defective in some particulars. He agrees, however, that if the power exists to relieve from a failure to file the certificate, it is one to be exercised in the sound discretion of the Supreme Court, with which discretion this court should not interfere.

VANN and WILLARD BARTLETT, JJ. (dissenting). We are of the opinion that upon the undisputed facts in this case a question of law is presented which can be reviewed by this court, and that upon these facts it was not only within the power but it was the duty of the Supreme Court to grant the relief sought by the appellant. WERNER, J., absent.

Order affirmed.