In the Matter of CHASE MELLEN, JR., Respondent, against THE BOARD OF ELECTIONS OF THE CITY OF NEW YORK.

DAVID H. KNOTT, as Chairman of the New York County Committee of the Democratic Party, Appellant.

(Argued October 20, 1933; decided October 24, 1933.)

*John T. Dooling* for appellant.

*Abraham S. Gilbert* for respondent.

*Arthur J. W. Hilly*, Corporation Counsel (*J. Joseph Lilly* of counsel), for Board of Elections of the city of New York.

CRANE, J. On Tuesday night, October 3, 1933, Judge Frederic Kernochan was nominated by the county committee of the Republican party of New York county, for

the office of judge of the Court of General Sessions. The certificate of nomination was filed with the Board of Elections the following morning a little after the noon hour. On the following Monday, October 9, 1933, the Board of Elections reconsidered its action and then decided that the certificate had been filed too late to entitle the name to be placed upon the official ballot. On an application to the Supreme Court the action of the Board of Elections has been reversed and the certificate restored to its place in the files. The Special Term order has been affirmed by the Appellate Division, and leave to appeal to this court granted.

The attitude of the petitioner and his advisers has been that the certificate was filed in time.

The nomination was made by the county committee to fill the vacancy caused by the death of Judge Levine on August 27, 1933. This occurred too late for a nomination to be made at the next primary election, September 19, 1933, and the method adopted was that provided by the Election Law for such cases. These special provisions, the petitioner claims, justify the filing of the certificate of nomination at a later date than is permitted for regular nominations.

In all these matters we are controlled by the provisions of the Election Law (Cons. Laws, ch. 17). Section 140 of that law states the times for filing petitions and certificates and for holding conventions. Subdivision 5 says: " 5. A certificate of party nomination for an office to be filled at the time of a general election shall be filed not later than the fifth Tuesday preceding such election, and for an office to be filled at an election at a time other than that of a general election shall be filed not later than twenty-one days preceding such election."

Subdivision 10 applies to the situation here, and reads in part as follows: " If a vacancy described in subdivision seven of section one hundred and thirty-one occur too late to comply with the provisions of this section, the

certificates of nomination, declination and to fill a vacancy in such nomination shall be filed as soon as practicable."

The subdivision 7, referred to, reads: " A party nomination of a candidate for election to fill a vacancy, occurring after the fifth Tuesday preceding the fall primary, in an elective office required to be filled at the next general election, * * * shall be filled, after the day of such primary, by a majority vote of a quorum * * * of the members of the county committee or committees last elected in the political subdivision in which such vacancy is to be filled * * *."

August 27, 1933, the date of Judge Levine's death, occurring after the fifth Tuesday preceding the primary, to be held on the 19th day of September, the nomination for the office had to be made " after the day of such primary " by the county committee last elected, that is, elected on September 19, 1933. Pursuant to the provisions of the Election Law, the primary call provided that the members of the county committee, elected on September 19th, should meet for organization purposes, pursuant to the statute, on September 28th. On that date, the president, secretary and treasurer of the county committee were elected. The president-elect, Chase Mellen, Jr., is the petitioner herein. According to subdivision 5 of section 140, above quoted, the certificate of the ordinary or general party nominations had to be filed not later than October 3rd. This was the last day, unless extended in this case by subdivision 10, above quoted. This limitation, or final date for filing certificates, was known to all parties, and was in no way dependent upon the death of Judge Levine or the vacancy occurring in his office. Certificates of party nominations had to be filed not later than October 3rd. Between September 28th, the date when the new county committee commenced to function, and October 3rd, there were four days, excluding Sunday, and including the third.

The president of the county committee, existing before

September 19th, had issued the call to nominate a candidate for the vacancy in the Court of General Sessions. He fixed the evening of October 3rd for this meeting, knowing, as he must have known, that by midnight of that day the certificate of nomination must be filed with the Board of Elections. The nomination made that night was in accordance with law, but, instead of sending the certificate immediately thereafter to the Board of Elections, the officers of the committee waited until the next morning, believing that subdivision 10 of section 140 extended the time for filing nominations, under these circumstances, to a period defined in the words, " as soon as practicable."

We hesitate to thus extend the duties and powers of nominating committees. The Legislature has fixed the time within which nominating certificates must be filed, and the reason is self-evident. There must be a definite period before election when nominations must be closed and the electors informed of the candidates and issues to be presented on Election Day.

An exception is made where a vacancy is created which must be filled at the next general election (Public Officers Law; Cons. Laws, ch. 47, § 42), and for which the nomination must be made by committees instead of by conventions or at the primaries. What is this exception? We have given it in that part of subdivision 10, above quoted, and we should not extend it by interpretation. If the vacancy occurs too late to file the nominating certificate on October 3rd, then it may be filed as soon as practicable. Judge Levine's death did not occur too late to enable the officers of the county committee to make the nomination and to file the certificate before midnight on October 3rd. Conceding that the committee could not function before September 28th, there were four days during which it could meet and make the nomination. The reasons furnished for not meeting may

have appealed to the officers of the committee, but they did not render action impossible,— possibly inconvenient. Even the meeting on the night of October 3rd gave at least two hours to take a certificate from Fortieth street to the Municipal Building, or the Board of Elections. The circumstance wherein a vacancy may occur too late to permit the filing of the certificate of nomination not later than the fifth Tuesday preceding the election, is where a vacancy does not permit of a nomination before that time, in the exercise of all reasonable diligence.

The words, " too late to comply with the provisions of this section," would be unnecessary if the certificates of nomination could be filed as soon as practicable whenever a county committee was obliged to make a nomination. A vacancy having occurred within five weeks of primary day, the general provisions of the Election Law, including the filing of the certificates of nomination not later than the fifth Tuesday preceding the election, must be complied with, unless the vacancy comes so late that compliance is not reasonably possible.

The justice at Special Term did not take this view of the law, and intimated, in his opinion, that the certificate filed at noon of October 4th was filed in time. Some of the judges of this court — perhaps the majority — are of the opinion, for the reasons just given, that this is not a correct interpretation of the Election Law. However, the decision of the point is not necessary for the affirmance of the Appellate Division order, as, under our ruling in the *Lauer* case, decided herewith (262 N. Y. 416), the Supreme Court, in the exercise of discretion, could have corrected this mistake made in filing the paper too late. That it was a mistake is quite evident. The Board of Elections, in the first instance, accepted the certificate, believing it to have been filed in time. The petitioner and his legal advisers acted upon the same assumption, and the justice at Special Term has taken the

same view of the law. Here is a matter where the principles enunciated by us in the *Lauer* case should be applied. The Supreme Court, under section 330 of the Election Law, shall determine any question arising in respect to the nomination of any candidate, as justice may require. This permits some discretion upon proper showing to correct errors and mistakes made in the filing of certificates of nomination where no harm can come to any party and the election machinery in other respects will be in no way affected.

The Appellate Division, in affirming the order of the Special Term, may have exercised this discretion. It had power on review of the order to do what the Special Term judge might have done in the first instance. The order is silent as to whether the affirmance was on the law or in discretion. Where the order does not state upon what ground the decision is based, and it may have been granted as a matter of discretion, the order is not subject to our review. (*People ex rel. Flynn* v. *Woods*, 218 N. Y. 124.) If it be that the case is one not involving discretion, then the silent order of the Appellate Division will be considered as having been made on the law only. (*Matter of Brennan* v. *Board of Education*, 245 N. Y. 8, 16.) Here was a case where, upon the conceded facts, the Supreme Court could have ordered the certificate to be accepted and filed, relieving the petitioner from the mistake due to a misunderstanding. We may assume, therefore, in the absence of anything to the contrary, either in opinion or in order, that the Appellate Division exercised this discretion in affirming the order of the Special Term.

For these reasons the order of the Appellate Division appealed from should be affirmed, without costs.

POUND, Ch. J. (concurring in result). Upon the facts in this case, a question of law is presented which can be reviewed by this court. The question is whether the

nominating certificate was filed as soon as practicable after the nomination was made. This involves the question whether the nomination was made as soon as practicable after the organization of the county committee. The courts below have held that the certificate was filed in time. In this conclusion I agree. They did not relieve from default in the exercise of discretion. A county committee which did not organize until September 28th, made the nomination on October 3rd. It cannot be said that the Election Law required by implication that the committee should act more promptly, although it was possible for it to do so.

I fully agree with CRANE, J., that laxity should not be tolerated in these matters. Within the law, however, the committee in this case in my opinion acted in its discretion with reasonable dispatch.

CROUCH, J. (dissenting). If the record disclosed any fact upon which there could be an exercise of discretion I should agree with the majority. There is none. We have the bare fact of delay, with nothing alleged to justify, to excuse or even to explain it. Therein, and therein only, as it seems to me, the case differs from *Matter of Lauer*, decided herewith. The vacancy did not occur too late to comply with the provisions of section 140, among which is the mandatory provision which required the certificate of nomination to be filed not later than October 3, 1933. In my opinion, the county committee, in fixing the time for its meeting, in making the nomination and in filing the certificate, was bound to act within the time set by that limitation. The case, therefore, is not one where the certificate could " be filed as soon as practicable." It is one, however, to which the rule of discretion was applicable. (*Matter of Darling*, 189 N. Y. 570.) But with no facts appearing upon which any discretion at all could be exercised, the

conclusion seems inevitable that the order appealed from was made on the law. So made, it was wrong, and should be reversed.

LEHMAN, O'BRIEN and HUBBS, JJ., concur with CRANE, J.; POUND, Ch. J., concurs in result in memorandum; CROUCH, J., dissents in opinion in which KELLOGG, J., concurs.

Order affirmed.