In the Matter of LAWRENCE T. GRESSER et al., Appellants, against S. HOWARD COHEN et al., Constituting the Board of Elections of the City of New York, Respondents.

THOMAS J. TOWERS, Respondent.

In the Matter of the Application of LAWRENCE T. GRESSER et al., Respondents.

S. HOWARD COHEN et al., Constituting the Board of Elections of the City of New York, Respondents; THOMAS J. TOWERS, Appellant.

In the Matter of the Application of HENRY A. SOFFER, Respondent.

S. HOWARD COHEN et al., Constituting the Board of Elections of the City of New York, Respondents; THOMAS J. TOWERS, Appellant.

Argued October 22, 1937; decided October 22, 1937.

*James I. Cuff, Michael A. Castaldi* and *William F. Bowe* for appellants in first proceeding. As a matter of law the Board of Elections was without power to reject the Gresser certificate as it was valid on its face and no objections were filed thereto. (*Matter of McGrath*, 189 App. Div. 140; *Matter of Lindgren*, 232 N. Y. 59; *Matter of Frankel*, 212 App. Div. 664; *Matter of Wicksel* v. *Cohen*, 262 N. Y. 446.) As a matter of law the Democratic county committee duly nominated Lawrence T. Gresser. (*Matter of Broat*, 6 Misc. Rep. 445.)

*James I. Cuff, Milton H. Friedman* and *George Kent Weldon* for Lawrence T. Gresser et al., respondents in second proceeding. The certificate of nomination of Thomas J. Towers as nominee of the Democratic party for the office of Justice of the City Court for the county of Queens was invalid. (*Matter of Gruskin*, 272 N. Y. 578; *People ex rel. Oliver* v. *Board of Police Commissioners*, 10 Misc. Rep. 200; *People ex rel. Klinker* v. *Board of Police Commissioners*, 31 N. Y. Supp. 469.)

*Richard J. Barry* for Thomas J. Towers, respondent in first proceeding and appellant in second and third proceedings. The alleged nomination of Lawrence T. Gresser was null and void. (*Bernstein* v. *Kritzer*, 253 N. Y. 410; *Ga Nun* v. *Palmer*, 216 N. Y. 603.) The executive committee of the county committee of the Democratic party of Queens county had the power and authority to nominate the appellant-respondent, Thomas J. Towers. (Election Law [Cons. Laws, ch. 17], § 131, subd. 7.) The certificate of nomination of Thomas J.

Towers as a matter of law in all respects complies with subdivision 9 of section 131 of the Election Law. (*Matter of Lauer* v. *Board of Elections*, 262 N. Y. 416; *Matter of Mellen* v. *Board of Elections*, 262 N. Y. 422; *Bramley* v. *Miller*, 270 N. Y. 307; *Matter of Cunningham* v. *McCloskey*, 246 App. Div. 543; *Matter of Darling*, 189 N. Y. 570; *Matter of Waters*, 248 App. Div. 830; *Matter of Brickman*, 248 App. Div. 467.) A major political party should not be deprived of a right to have its candidate on the ballot. (*Matter of Kehoe*, 45 Misc. Rep. 132; 97 App. Div. 637; *Matter of Lauer* v. *Board of Elections*, 262 N. Y. 416.)

*Benjamin Adler* for Henry A. Soffer, respondent in third proceeding.

*Paul Windels, Corporation Counsel* (*Leonard M. Wallstein, Jr.*, of counsel), for Board of Elections of City of New York, respondent.

*Per Curiam.* At the duly called primaries held in the county of Queens Charles W. Froessel was nominated as the candidate of the Democratic party for justice of the City Court of New York, county of Queens. Thereafter he duly declined the nomination. A meeting of the Democratic County Committee of the county of Queens was called to fill the vacancy caused by such declination. At that meeting great confusion existed and a nomination was not made prior to some time after eleven o'clock at night. A motion was made to adjourn the meeting. That motion was carried and the meeting legally adjourned. So the Special Term held after a hearing, and its findings have been duly affirmed by the Appellate Division.

After the adjournment of the meeting, another meeting was attempted to be held, and temporary officers were elected, and the meeting thereupon attempted to nominate Lawrence T. Gresser. A certificate of nomination was filed with the Board of Elections of the City of New York, certifying that Lawrence T. Gresser had been duly nominated and the certificate was in accordance with section 131, subdivision 9, of the Election Law (Cons. Laws, ch. 17). At a

subsequent meeting the Executive Committee of the Democratic party of Queens county, acting under the assumption that no legal nomination had been made at the prior meeting of the County Committee, proceeded to nominate for the office of justice of the City Court, Thomas J. Towers, and a certificate of his nomination was filed with the Board of Elections. Two certificates of nomination having been filed with the Board of Elections, after a hearing it rejected the certificate which attempted to nominate Gresser. Thereafter, at a hearing at Special Term, it was determined that prior to the alleged nomination of Lawrence T. Gresser the County Committee had duly adjourned and that, therefore, his certificate of nomination was null and void. The Appellate Division has affirmed the finding of Special Term, and, as a question of fact was presented, this court is without jurisdiction to review such question of fact.

For the purposes of this appeal it may, therefore, be assumed that the nomination of Lawrence T. Gresser was invalid and the decision of the Appellate Division to that effect must be affirmed. We are required to determine whether Thomas J. Towers was legally nominated as the candidate of the Democratic party by the Executive Committee of the County Committee. The determination of that question depends upon the construction of section 131, subdivision 7, of the Election Law and rules 10 and 14 of the Democratic County Committee of Queens county.

Rule 14 provides that a party nomination by the Democratic party of a candidate for a vacancy in an elective office required to be filled at a general election shall be made by the members of the County Committee. Rule 10, which defines the powers and duties of the Executive Committee of the County Committee, provides: " The Executive Committee shall immediately upon its election, at all times when the County Committee is not actually in session, have power and possess and exercise all the rights, privileges, powers and duties

which the said County Committee may have, possess and exercise." We have reached the conclusion that where a vacancy has occurred and the County Committee has failed to exercise its powers conferred by rule 14, to fill such vacancy, and is not in session, that the Executive Committee, under rule 10, possesses the power to fill such vacancy. Otherwise, one of the two dominant political parties would be in the position of not having a candidate nominated upon the ballot for the office in which a vacancy has occurred, which would be contrary to the spirit and policy of our Government and the Election Law.

Various technical objections have been made to the sufficiency of the documents filed with the Board of Elections by the Executive Committee in certifying the nomination of Thomas J. Towers. We do not think that those objections justify the rejection of the nomination made by the Executive Committee.

In the first above-entitled proceeding the order of the Appellate Division affirming the order of the Special Term dismissing the petitioner's application for an order directing the board of elections to accept as valid the certificate of nomination of Lawrence T. Gresser should be affirmed without costs.

In the second above-entitled proceeding the order of the Appellate Division reversing the order of the Special Term which held that Thomas J. Towers was the duly nominated candidate for City Court Judge should be reversed and the order of the Special Term affirmed without costs.

In the third above-entitled proceeding the order of the Appellate Division reversing the order of the Special Term which denied petitioner's application to declare null and void the certificate of nomination of Thomas J. Towers should be reversed and the order of the Special Term affirmed without costs.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; LEHMAN, J., taking no part.

Ordered accordingly.