In the Matter of AARON A. MOTT, Respondent, against PHILIP N. KRUG et al., Constituting the Board of Elections of Nassau County, Appellants.

EDWARD M. BEIRNE et al., Respondents.

Argued October 17, 1938; decided October 18, 1938.

*James L. Dowsey, County Attorney (Marcus G. Christ* of counsel), for appellants. The order appealed from should be reversed since no election is to be held in November, 1938, at which town officers can be elected. (Town Law, § 80; *People ex rel. Hyde* v. *Potter*, 88 App. Div. 239; *Matter of Ellis* v. *Geddes*, 236 App. Div. 522.) The order appealed from should be reversed for the reason that no vacancy in office now exists or will on December 31, 1938, exist. (Town Law, § 64; *Matter of Wilson* v. *Cheshire*, 254 N. Y. 640; *Matter of Ellis* v. *Geddes*, 236 App. Div. 522.)

*Ferdinand I. Haber* for Aaron A. Mott, respondent. So much of subdivision 5 of section 64 of the Town Law (Cons. Laws, ch. 62) as provides that vacancies should be filled by appointment for a period beyond the commencement of the next political year, and so much of section 80 of that law as permits election of town officers only in an odd-numbered year, are unconstitutional. *(Matter of MacAdams* v. *Cohen,* 260 N. Y. 559; *Matter of O'Connell* v. *Corscadden,* 243 N. Y. 86; *Matter of Burke* v. *Cohen,* 265 N. Y. 210; *Matter of Wing* v. *Ryan,* 255 App. Div. 163; *Matter of Mitchell.* v. *Prendergast,* 178 App. Div. 690.)

*Herman Block* for Edward M. Beirne, respondent. The appointment to fill the vacancy in the office of Supervisor could not be for a period longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy. (New York State Constitution, art. X, § 5; *People ex rel. Weller* v. *Townsend,* 102 N. Y. 430; *Matter of Schwab* v. *Boyle,* 174 App. Div. 442; 219 N. Y. 561; *Matter of Mitchell* v. *Boyle,* 219 N. Y. 242; *Matter of Burke* v. *Cohen,* 265 N. Y. 210; *Matter of Wing* v. *Ryan,* 255 App. Div. 163.)

*James N. Gehrig* for George R. Brennan, as chairman of the Republican County Committee of Nassau County, respondent. No distinction can be urged between town offices and city offices. *(Matter of Burke* v. *Cohen,* 265 N. Y. 210.)

*Per Curiam.* In *Matter of Burke* v. *Cohen* (265 N. Y. 210) the distinction between constitutional officers and others was abandoned. The opinion in that case referred to city offices, but the principle upon which that case was decided applies to town officers, so that article X, section 5, of the State Constitution applies to an election to fill a vacancy in a town office. Since subdivision 5 of

section 64 of the Town Law (Cons. Laws, ch. 62) conflicts with this constitutional provision, it must be held to be invalid. We pass on no other question.

The order should be affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Order affirmed.