### October 27, 1941.)

In the Matter of the Petition of FRANK C. MOORE, for an Order Pursuant to Article 14 of the Election Law Requiring MICHAEL F. WALSH, as Secretary of State of the State of New York, to Accept and File a Petition Nominating Such Petitioner as a Candidate of the City Fusion Party for the Office of the Comptroller of the State of New York and to Certify and Transmit a Statement Thereof to the Proper Boards of Election.*

* Affg. 177 Misc. 362; affd., 286 N. Y. 552.

HILL, P. J. The statutory limitations by which independent nominations may not be filed for this office is discriminatory and unconstitutional. I should favor the filing of the independent petition had it been presented for filing as soon as practicable; that is, had the petition been tendered for filing at substantially the same time that the party nominations were presented. " The franchise of which no ' member of this State ' may be deprived is not only the right of citizens who possess the constitutional qualifications to vote for public officers at general and special elections, but it also includes the right to participate in the several methods established by law for the selection of candidates to be voted for." (*Matter of Burke* v. *Terry*, 203 N. Y. 293, 295.) The omission by the Legislature in this regard is discriminatory and unconstitutional. (*People ex rel. Hotchkiss* v. *Smith*, 206 N. Y. 231; *Matter of Hooper* v. *Britt*, 204 id. 524; *Matter of Lauer* v. *Board of Elections*, 262 id. 416.) I concur for affirmance upon the ground that this petition was not filed as soon as practicable. The fact that thousands of absentee ballots have already been sent out containing only the names of the party nominees is a factor considered by me on the time when the petition should have been offered for filing.

Bliss and Schenck, JJ., vote to affirm upon the following grounds: We agree with the Special Term that there is no authority in the law permitting the Secretary of State to file this petition and he acted in accordance with the law in refusing to file it. We see no unconstitutionality in the failure of the Legislature to provide for the filing of an independent nominating petition by an independent body at such a late date. But even if we should hold that an independent body might file a nominating petition to fill the vacancy " as soon as practicable," it was still too late for the Secretary of State to accept this petition. The Secretary of State held that it was not practicable to file objections and to prepare ballots in time for election. Absentee ballots have already been mailed to those voters entitled to them, who number in the thousands, and of course such ballots do not contain any nomination by a City Fusion Party. We are likewise of the opinion that it was too late and that ample opportunity is not now afforded to the election officials to carry out the election in accordance with the law, or for the filing and determination of objections and acquainting the voters with the candidates and issues.

Heffernan and Foster, JJ., vote to affirm on the following grounds: The Legislature has not provided for the filing of independent nominations under circumstances disclosed herein and within the period of time embraced. It has provided only for the filing of party nomination. (Election Law, § 140, subd. 10, as it refers to Election Law, § 131, subd. 7.) A party nomination is not an independent nomination. (Election Law, § 2, subds. 12, 13.) Considering all of the language of both sections it would appear that such omission, due doubtless to the exigencies of election machinery, was intentional, but whether intentional or not, we do not

believe we have the power to supply the deficiency. The Supreme Court has plenary power to determine any questions of law or fact arising as to the nomination of any candidate (Election Law, § 330; *Matter of Holley [Rittenburg]*, 268 N. Y. 484), and undoubtedly may exercise this power to relieve from accidents and correct mistakes (*Matter of Darling*, 189 N. Y. 570), but this does not extend to supplying a legislative omission. Even if such omission is regarded as a violation of the Constitution it is negative in character and the gap cannot be bridged by a judicial act which would necessarily be legislative in character.