In the Matter of WILLIAM J. LEONARD, Petitioner, against HARRY J. KRATOVILLE et al., Respondents.

Supreme Court, Special Term, Queens County, September 4, 1942.

*Elias H. Avram* for petitioner.

*Edgar G. Hazleton, County Attorney,* for board of elections of Suffolk county, respondent.

*Seth A. Hubbard,* for Harry J. Kratoville, town clerk, respondent.

*Griffing & Smith,* for Joseph J. Ruskowski, intervenor.

FROESSEL, J.   Petitioner seeks an order, pursuant to article 78 of the Civil Practice Act, to compel (a) the Riverhead town clerk to make and transmit to the Suffolk County Board of Elections a certificate stating the existence of a vacancy in the office of justice of peace in the town of Riverhead, and certifying that such office may lawfully be voted for by the voters of said town at the general election to be held on November 3, 1942, and (b) to compel the said Board of Elections to recognize petitioner as a candidate duly nominated by the Republican party for said office, and cause his name to be placed under the Republican emblem on the ballot in the coming general election. The facts briefly follow:

Henry M. Zaleski was duly elected a justice of the peace in 1941 to take office on January 1, 1942, for a term of four years. Following his qualification and assumption of office, the said justice was inducted in the United States Army on July 10, 1942, and immediately transferred to the Enlisted Reserve Corps. On July 24, 1942, he was called to active duty, since when he has been and still is so serving. It is agreed that he has not died, resigned, or been removed.

Thereafter and on August 5, 1942, pursuant to resolution of the Riverhead town board, one Joseph J. Ruskowski was appointed, pursuant to the provisions of chapter 678 of the Laws of 1942, "to the temporary vacancy in the Office of the Justice of the Peace created by the said induction of the said Henry M. Zaleski." Subsequently and on or about August 21, 1942, petitioner was "designated and nominated" by the Riverhead Town Republican Committee as its candidate to fill the temporary vacancy created by Judge Zaleski's induction as aforesaid. On August 24, 1942, and within the time prescribed by statute (Election Law, § 319-f, subd. 10; L. 1942, ch. 852), a certificate of such party nomination was duly filed with the Suffolk County Board of Elections.

It developed upon the argument that no other political parties filed a certificate of party nomination for the said office, apparently because of doubt as to the applicable law. All parties upon the argument agreed that should this application be granted, there would be no objection to the late filing of such other party nominations in the interests of justice, as may be permitted in the discretion of the court. (*Matter of Darling,* 189 N. Y. 570; *Matter of Mellen* v. *Bd. of Elections,* 262 N. Y. 422; *Cowles* v. *Board of Elections,* 252 App. Div. 326; *Matter of Rogers,* 146 Misc. Rep. 712; affd., 236 App. Div. 825; motion for leave to appeal to Court of Appeals denied, 237 App. Div. 818; *Election Law,* § 330; *Matter of Gresser* v. *Cohen,* 275 N. Y. 440, 445.)

The respondent town clerk contends that he properly refused to transmit to the Suffolk County Board of Elections the certificate under subdivision 5 of section 319-f of the Election Law, inasmuch as it required such transmittal at least five months before the general election or no later than June 3, 1942. Inasmuch as Justice Zaleski was still performing his duties at that time, and the temporary vacancy did not occur until more than a month thereafter when he entered the military service, the position of the town clerk must be sustained.

Judge Ruskowski, who by consent of all parties has been permitted to intervene and to adopt the answer of the town clerk as his answer, contends that, under chapter 678 of the Laws of 1942, there is now neither a vacancy nor a temporary vacancy here, and as the interim appointee, he may hold office until the end of Judge Zaleski's term, to wit: December 31, 1945, subject only to the latter's resumption of office upon the termination of his military service by honorable discharge, if not then disqualified. He also contends that there is no "machinery" for filling the vacancy at the 1942 general election. With these contentions, I cannot agree.

Chapter 678 of the Laws of 1942, providing for the creation and filling of temporary vacancies in the office of certain local legislative officers in the military service of the United States, is applicable here. Under subdivision 3 of section 1 of said statute, a justice of the peace, being a member of the governing board of the town is a "local legislative officer." (Town Law, §§ 10, 341, subd. 8.) Section 2 of said chapter 678 provides: "Whenever any local legislative officer shall begin military service hereafter at any time prior to July first, nineteen hundred forty-three, he shall thereupon be deemed to have *temporarily* vacated his office as such and a *temporary vacancy*

shall be deemed to exist therein which may be filled only in accordance with the provisions of this act; and any local legislative officer who has heretofore begun military service shall be deemed to have *temporarily* vacated his office as such at the expiration of ten days after the time this act shall take effect, and a like *temporary vacancy* shall be deemed to exist therein. Upon the termination of such military service by honorable discharge, the person so temporarily vacating his office, if not then disqualified, may resume such office for the remainder of the term for which he was elected or appointed, and the interim incumbent, if any, at that time, shall cease to hold the office. The person so resuming such office shall file in the office wherein his oath of office is required to be filed his statement in writing under oath that his military service has terminated by honorable discharge and that he elects to and does resume the office pursuant to the provisions of this act." (Italics mine.)

Section 3, so far as pertinent, provides as follows: "*Subject always* to the resumption of the office by a person temporarily vacating the same, *such a temporary vacancy shall be filled in the manner provided by law generally for filling a vacancy in such office occurring otherwise than by expiration of term.*" (Italics mine.)

The "manner provided by law generally for filling a vacancy in such office occurring otherwise than by expiration of term" is provided for in subdivision 5 of section 64 of the Town Law, as amended by chapter 584 of the Laws of 1939, which provides, so far as pertinent, as follows: "Vacancies. Whenever a vacancy shall occur or exist in any town office, the town board or a majority of the members thereof, may appoint a qualified person to fill the vacancy. If the appointment be made to fill a vacancy in an appointive office, the person so appointed shall hold office for the remainder of the unexpired term. If the appointment be made to fill a vacancy in an elective office, * * * the person so appointed shall hold office until the commencement of the calendar year next succeeding the first annual election at which the vacancy may be filled."

This statute follows the mandate of section 8 of article 13 of our State Constitution, which provides: "The legislature shall provide for filling vacancies in office, and *in case of elective officers, no person appointed to fill a vacancy shall hold his office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy.*" (Italics mine.) (See *Matter of Mott* v. *Krug*, 278 N. Y. 457.)

Intervenor's attorney at the hearing suggested that chapter 678 of the Laws of 1942 may contravene the provisions of section 17 of article 6 of our State Constitution if by its provisions, it permitted a person to be elected for a period of time that may be less than the unexpired term, due to the resumption of the office by the person temporarily vacating the same. (§§ 2, 3.) This is a somewhat different position than is set forth in his client's petition to intervene, for in paragraph "IV" thereof it is alleged: "That the vacancy filled by your petitioner is a 'temporary vacancy' provided by Chapter 678 of the Laws of 1942. It is not claimed by this petitioner that Henry M. Zaleski has vacated the office within the meaning of the term as expressed by the Constitution of the State of New York."

In any event, I am satisfied that the use of the word "vacancy" in article 6 contemplated a vacancy in fact as distinguished from "a temporary vacancy * * * deemed to exist" under section 2 of chapter 678, and which latter statute was enacted for the wholly beneficent purpose of meeting a temporary situation to protect men serving their country on the one hand and at the same time to continue the functions of the civil government.

As was said in *Hoyt* v. *County of Broome* (285 N. Y. 402, 406): "Indeed the words of the enactment plainly invoked other provisions of the State Constitution which were devised to secure the continuance in the public service of those who should be found competent to discharge the duties thereof. (State Const. art. V, § 6; *Matter of Social Investigator Eligibles Assn.* v. *Taylor*, 268 N. Y. 233, 237.) If the legislative plan has a reasonable relation to the ends served by that constitutional principle, the statute is basically valid, though it may also foster war service to the nation or some other legitimate object which in itself alone would not constitute a State or municipal purpose."

It may be added that the legislative intention that vacancies occurring prior to August 11 may be filled at the general election held this year, notwithstanding the five month provision of section 319-f of the Election Law, is clearly manifest by the enactment of chapter 874 of the Laws of 1942, amending section 42 of the Public Officers Law, which became effective May 18, 1942, two days after the effective date of section 319-f.

In the light of the foregoing and other applicable provisions of law, I am of the opinion that "a temporary vacancy shall be deemed to exist," which shall be filled at the general election to

be held on November 3, 1942. The person then elected shall hold office until December 31, 1945, subject to the resumption of office by Judge Zaleski upon the termination of his military service by honorable discharge, if not then disqualified; the election of such successor does not amount to disqualification.. (L. 1942, ch. 678, §§ 2, 3.)

Submit .order.