■ In the Matter of STUART GOLDBLATT, Individually and as President of the New Democratic Coalition of Huntington, Appellant, v. FRANK COVENEY et al., as Commissioners of the Board of Elections of the County of Suffolk, et al., Respondents.— Order of the Supreme Court, Suffolk County, dated April 30, 1969, reversed, on the law, without costs, and petition granted to the extent that (1) the respondent Suffolk County Board of Elections is directed to receive for filing designating petitions for party nominations for town offices within Suffolk County and to hold a primary election for such offices and (2) said Board of Elections is restrained from receiving and filing certificates of nominations for such town offices. Such petitions shall be filed with the Suffolk County Board of Elections on or before May 20, 1969 (*Matter of Rogers*, 146 Misc. 712, affd. 236 App. Div. 825; cf. *Matter of Lauer* v. *Board of Elections of City of N. Y.*, 262 N. Y. 416; *Matter of Darling*, 189 N. Y. 570). The findings of fact below are affirmed. Subdivision 5 of section 131 of the Election Law provides that party nominations of candidates for town and village offices, in any county, shall be made as prescribed by the county committee, except that, in any town in a county having a population of more than 750,000 inhabitants, as shown by the latest Federal decennial or special population census or State enumeration, such nominations shall be made at the primary preceding the election. A fair reading of this statute makes it clear that the intent of the Legislature in requiring that the numerical determination of population be made by a Federal decennial, special population census or State enumeration was to assure that there would be a completely reliable determination of the true population of the county. The special population census spoken of in the statute is defined by section 20 of the General Municipal Law as one for whose supervision by the United States Bureau of the Census any county, city, town or village may contract. It is true that the census is designed for the purpose of computing State aid. However, it is also beyond dispute that such a census is a Federal census and is as reliable as the Federal decennial census or any other method of counting population. In any event, the statute

should be given a liberal construction in favor of the nomination of persons for public offices by enrolled party members, as that construction encourages the use of the elective franchise by the citizens of the State. The evidence clearly establishes that as of the date of the petition the population of Suffolk County was at least 911,507, as determined by seven separate special town population censuses. We do not think it is fatal to the position of the petitioners that this figure is garnered from separately held censuses from the period of April 1, 1964 to May 6, 1967. Indeed, respondents do not dispute the validity of the figure or the fact that the population is even greater today. We are of the opinion that the petitioners have demonstrated within the meaning of subdivision 5 of section 131 of the Election Law that the County of Suffolk has a population of more than 750,000. Therefore, in accordance with the statute, party nominations of candidates for town offices must be made at the primary preceding the election. Because of our view on this aspect of the matter, we do not reach the question of the constitutionality of the statute involved. Christ, Acting P. J., Brennan, Hopkins, Munder and Kleinfeld, JJ., concur.