W. Vincent Grady, J.
Petitioner seeks an order pursuant to section 330 of the Election Law and article 78 of the CPLR restraining the respondent Board of Elections from placing the name of respondent Isaac Goodfriend on the ballot for the office of County Legislator for the general election to be held in November.
Petitioner attacks the certificate of nomination as being void and invalid for failure to comply with the requirements of subdivisions 7 and 9 of section 131 of the Election Law. Petitioner alleges that no copy of the rules or resolution of the Town of Ramapo Democratic committee was attached to the *80 certificate of nomination nor was it filed with, the Board of Elections and that the nomination resulted from a convention called by a town committee whereas the nomination must be made by a full county committee. It is alleged that the convention of the Democratic Committee of the Town of Ramapo took place on August 18, 1970, at which time the respondent Good-friend was purportedly nominated as candidate of the Democratic Party for the office of County Legislator from the Town of Ramapo.
Subdivision 7 of section 131 of the Election Law expressly provides for the nomination of a candidate for a county office “ by a majority of the members of the county committee or committees last elected in the political subdivision in which such vacancy is to be filled, present at a meeting at which there is a quorum, or by a majority of such other committee as the rules of the party may provide.”
In the instant proceeding, the nomination of the respondent Goodfriend was properly made by the convention of the committeemen of the Rockland County Democratic Committee from the Town of Ramapo, which is a political subdivision referred to in subdivision 7 of section 131 of the Election Law.
The technical objections to the sufficiency of a certificate of nomination filed by a county committee which certificate is in accordance with subdivision 9 of section 131 of the Election Law will not justify rejection of the nomination made (Matter of Gresser v. Cohen, 275 N. Y. 440).
There was substantial compliance with subdivision 9 of section 131 of the Election Law in that a copy of the rules of the Democratic county committee were on file in the office of the Board of Elections of Rockland County. Although the rules of the town committee were not on file, it appears that the county rules are the rules which constitute the town committees and the filing of the county rules complies with the Election Law.
A political party should not be disenfranchised merely because of technical defects in the nomination of a candidate and a liberal construction and interpretation should be encouraged and adopted in keeping with public policy (Connolly v. Cohen, 26 N. Y. S. 2d 440).
Accordingly, the petition is denied in all respects.
Taking cognizance of the time factor involved, the parties are directed to appear at Chambers, Rockland County, New City, New York, at noon on September 22,, 1970, to submit the appropriate order and judgment.