■ In the Matter of VICTOR J. CIPOLLA, Appellant, v BLAISE T. GOLISANO et al., Respondents. [617 NYS2d 397] —Per Curiam. Appeal from an order of the Supreme Court (Williams, J.), entered October 7, 1994 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the nomination of respondent Blaise T. Golisano as the Independence Fusion Party candidate for the office of Governor in the November 8, 1994 general election.

Election Law § 6-158 (11) allows a candidate who partici-

pates in a party primary and who also has filed an independent body nominating petition to decline the independent body nomination if the candidate loses the party primary. Here, after being defeated in his bid for the Republican Party nomination in the September 13, 1994 primary election, respondent Richard M. Rosenbaum declined his nomination by the Independence Fusion Party (hereinafter IFP) as its candidate for Governor in the November 8, 1994 general election. On the same day that Rosenbaum filed his declination, September 16, 1994, his committee to fill vacancies substituted respondent Blaise T. Golisano as the IFP's candidate for Governor. It is not disputed that Rosenbaum's declination was timely filed (see, Election Law § 6-158 [11]). Rather, at issue in this proceeding is whether his committee to fill vacancies had the power to substitute Golisano in Rosenbaum's place. Both respondent State Board of Elections and Supreme Court rejected petitioner's contention that the substitution was untimely, and this appeal by petitioner ensued.

The Election Law does not set forth a specific deadline for an independent body, here the IFP, to fill a vacancy caused by a postprimary declination. The only deadlines specifically delineated relate to preprimary declinations (see, Election Law § 6-158 [11], [12]). Relying on this fact, petitioner contends that once the preprimary deadlines had passed, an independent body could no longer substitute another candidate based on a postprimary declination. We disagree and accordingly affirm Supreme Court's order.

In finding the substitution of Golisano in place of Rosenbaum to be valid, we rely on Election Law § 6-158 (13), which provides as follows: "If a vacancy occurs too late to comply with the provisions of this section, the certificates of nomination, certificates of acceptance or declination, certificates to fill a vacancy in such nomination and certificates of authorization of a nomination shall be filed as soon as practicable." In arguing that this statute does not apply to the facts of this case, petitioner relies in part on *Moore v Walsh* (177 Misc 362, *affd* 262 App Div 1060, *affd* 286 NY 552). In rejecting this argument, we note that *Moore* involved Election Law former § 140 (10) (as added by L 1922, ch 588), which was a predecessor statute to Election Law § 6-158 (13). We find that, given the subsequent changes made to the current statute, the holding in *Moore* is no longer applicable. Although the court in *Moore* ruled that Election Law former § 140 (10) pertained only to vacancies occurring in party nominations as opposed to vacancies occurring in independent body nominations, the

current statute is not so limited. Election Law § 6-158 (13), unlike its predecessor, refers broadly to "a" vacancy that occurs too late to comply with "this section". The parties do not dispute that the phrase "this section" refers to Election Law § 6-158 in its entirety; we note that the statute deals with vacancies occurring in both party and independent body nominations. Thus, Supreme Court properly ruled that the statute is not limited to party vacancies.

Nor do we find Election Law § 6-158 (13) to be limited to unforeseen vacancies such as those caused by the death of a candidate or where the candidate is nominated for another office *(but see, Matter of Koberger v Cohen,* Sup Ct, Putnam County, Oct. 13, 1993, Hickman, J.). Construing the language of the statute according to its natural and most obvious sense (see, McKinney's Cons Laws of NY, Book 1, Statutes § 94), we find nothing in its plain language to suggest that it was intended to apply only to such "unforeseen" vacancies *(see generally, Sega v State of New York,* 60 NY2d 183, 191).

Given our findings and conclusions in this case, it is unnecessary to consider the parties' remaining arguments.

Cardona, P. J., Mercure, Crew III, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.