In the Matter of EDGAR J. LAUER, Respondent, against THE BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Appellant.

(Argued October 20, 1933; decided October 24, 1933.)

*Arthur J. W. Hilly, Corporation Counsel (J. Joseph Lilly* and *Russel Lord Tarbox* of counsel), for appellant.

*Abraham S. Gilbert* for respondent.

CRANE, J. The petitioner, Edgar J. Lauer, and his four associates were nominated on the evening of October 2nd for justices of the Supreme Court in the First Judicial District. The last day for filing certificates of party nomination, pursuant to subdivision 5 of section 140 of the Election Law (Cons. Laws, ch. 17), was October 3rd. The certificate in this case was not filed until shortly after noon of October 4th. The Board of Elections refused to receive it, and upon application of the petitioner, the Special Term made an order directing its acceptance and filing.

This order has been unanimously affirmed by the Appellate Division. If the provisions of the Election Law referred to are so mandatory that no excuse whatever may be accepted for failure to file a certificate of nomination on or before the day designated, then the order of the court below is wrong and must be reversed. On the other hand, if, in the exercise of judicial discretion, the Supreme Court may, for just and reasonable cause, permit the certificate to be filed, even though a little late, then the order of the Appellate Division must not be disturbed by this court, as we do not review discretionary orders unless they be arbitrary. The Appellate Division has allowed this appeal from its order which states that the Special Term order has been affirmed as matter of law and in the exercise of discretion.

The Election Law, by express provision as well as by

judicial interpretation, has not fixed fatal finality to the last day for filing certificates of nominations. There may be slips or errors or mistakes which in all reason and justice should be corrected in order that the election may be fair and the will of all the electors ascertained. The Election Law should not be so interpreted as to defeat the very object of its enactment, which was to insure fair elections, an equal chance and opportunity for every one to express his choice at the polls. It also seeks to give the parties and independent nominators equal facilities to present their candidates and issues a reasonable length of time before election day.

So that no unforeseen occurrence should upset this scheme of the law, section 330 of the Election Law provides that the Supreme Court, or any justice thereof, may determine any question arising in respect to the nomination of any candidate and make such order as justice may require. An accident may happen whereby a nominating certificate could not be filed on or before the last day. To reject such a certificate might make the election one-sided, with no party nomination in opposition. To determine what would be the right thing to do under such circumstances, power must be placed somewhere, and the Legislature has said that the Supreme Court is to determine what justice requires in such a case. If the courts cannot be trusted to exercise such power carefully, with guarded discretion, and in the interests of all the electorate, who can be trusted?

The Special Term had before it the fact that, in a convention duly called, the petitioner and his four associates were nominated for justices of the Supreme Court in the First Judicial District. After the convention, the minutes were written out, signed by the officers and the proper certificate of nomination made and executed, ready to be filed with the Board of Elections. It should have been sent there at once, but men do not always do what they should do or exercise the best

judgment. The young secretary of the Republican county committee, fresh in his new duties, was told at the Hotel Pennsylvania, by an official or employee of the Board of Elections, who had been with the Board in a secretarial capacity since October, 1928, that he would take the certificate, and that giving it to him was the same as filing it with the Board of Elections. In this he was mistaken. The delivery of the certificate to this subordinate away from the office of the Board of Elections did not constitute the filing called for by the law. (*Albany Builders' Supply Co.* v. *Eastern Bridge & Structural Co.*, 235 N. Y. 432, and *Sweeney* v. *City of New York*, 225 N. Y. 271.) (But see *Matter of Norton*, 34 App. Div. 79; appeal dismissed, 158 N. Y. 130.) The certificate, as heretofore stated, was not filed until noon of October the 4th, or, half a day too late.

Under circumstances very similar, this court held in *Matter of Darling* (189 N. Y. 570) that the Supreme Court might relieve from certain accidents and mistakes causing delay in the filing of nominating certificates. The section clothing the Supreme Court with this power was then section 56 of the Election Law, now embodied in section 330, above referred to. In that case, as appears from the facts stated in the opinion of the Appellate Division (121 App. Div. 656), one Darling had been nominated for justice of the Municipal Court. October 11th, 1907, was the last day on which to file his certificate of nomination. The minutes of the convention were filed in time, together with a certificate naming another candidate who had been nominated. No certificate, however, was filed for Darling until October 18th, when an application was made to the Board of Elections that the certificate of nomination of said Darling should then be filed *nunc pro tunc* as of October 11th. Although the lower courts, because of this delay of a week, denied Darling's application for mandamus, yet this court, in

affirming, said, that if the Supreme Court had decided the other way and had thought best to grant Darling's application to compel the Board to accept his certificate, this court would likewise have affirmed such action. The point is that this court then determined that the Legislature had given to the Supreme Court, by the provisions of the Election Law referred to, the power to relieve from a mistake or accident leading to a delay in the filing of a certificate in time, when to grant such relief would cause no disruption of the election machinery or interfere in any way with other requirements under the law. To grant or deny relief was a matter of discretion with the Supreme Court.

The delay here was caused through a mistake in believing that a certificate given to a subordinate of the Board of Elections at the Hotel Pennsylvania was a filing with the Board. These circumstances and the very short delay in presenting the certificate at the proper office moved the court to exercise its discretion, and with its decision we have no desire to interfere.

The order appealed from should be affirmed, without costs.

POUND, Ch. J., LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Order affirmed.