on the due date and which plaintiff claimed was in full force and effect by reason of a course of dealing established by defendant pursuant to which payments of premium were accepted after the due date and subsequent to the grace period. Judgment affirmed, with costs. Appeal from order denying defendant's motion to set aside the jury's verdict dismissed. There is no such order. Young, Carswell, Johnston and Taylor, JJ., concur; Lazansky, P. J., concurs for dismissal of the appeal from the order, but dissents from the affirmance of the judgment and votes for reversal and dismissal of complaint on the ground there was a default in the payment of premium which was not waived by reason of a course of dealing between the parties.

GEORGE W. WHITE and ESTHER M. WHITE, Appellants, v. WILLIAM KENNEDY CONSTRUCTION Co., Respondent, and BROOKLYN & QUEENS Y. M. C. A., Defendant.— In an action for injury and damage to the plaintiffs' building by reason of the alleged negligence and the wrongful trespass of the defendant, the plaintiffs failed to make proof that the defendant construction company was in charge of the work of demolition on the adjacent premises. Judgment in so far as it dismisses without prejudice the complaint as to defendant William Kennedy Construction Co., affirmed, with costs. Appeal from the order denying plaintiffs' motion for a new trial after judgment had been entered, dismissed, without costs. Lazansky, P. J., Hagarty, Davis and Adel, JJ., concur; Taylor, J., dissents, with the following memorandum: In my opinion, the proofs established *prima facie* that the respondent, concededly having the contract for demolition, was actually doing the work. The admission implicit in the remark of respondent's trial counsel, " at the time Kennedy began working there," with the other relevant proofs submitted by plaintiffs, was sufficient to require the denial of the motion to dismiss the complaint, made at the close of plaintiffs' proofs.

## (July 27, 1936.)

In the Matter of the Presentment by the Grand Jury for the Extraordinary Special and Trial Term of the Supreme Court, Kings County, of Charges with Reference to Alleged Professional Misconduct of JOSEPH A. SOLOVEI, an Attorney. — Matter referred to Hon. Norman S. Dike, official referee, to hear and to report with his opinion. Present — Lazansky, P. J., Johnston, Adel and Taylor, JJ.

## SECOND DEPARTMENT, SEPTEMBER, 1936.

## (September 10, 1936.)

In the Matter of the Application of R. ETHEL DOYLE, Respondent, to Compel the BOARD OF ELECTIONS, Appellant, to Substitute Her as a Candidate for Election as Alternate Delegate to the Democratic State Convention from the Second Assembly District in the Place and Stead of ALEXANDER FRONTERA.— The parties having agreed in open court that this appeal may be decided by a court of four justices, the decision is as follows: While the Court of Appeals has held that the court might relieve from certain accidents and mistakes causing delay in filing nominating certificates (*Matter of Lauer* v. *Bd. of Elections*, 262 N. Y. 416), and the same rule may apply to delay in filing declinations, the moving papers were insufficient

to invoke the exercise of discretion in favor of respondent. Order reversed on the law, without costs, and motion denied, without costs. Lazansky, P. J., Young, Johnston and Taylor, JJ., concur.

In the Matter of the Application of HELEN SCHWALBACK, Respondent, to Compel the BOARD OF ELECTIONS, Appellant, to Substitute Her as a Candidate for Election as Alternate Delegate to the Democratic State Convention from the Fourth Assembly District in the Place and Stead of MELISSA LEBAU.— The parties having agreed in open court that this appeal may be decided by a court of four justices, the decision is as follows: While the Court of Appeals has held that the court might relieve from certain accidents and mistakes causing delay in filing nominating certificates (*Matter of Lauer* v. *Bd. of Elections*, 262 N. Y. 416), and the same rule may apply to delay in filing declinations, the moving papers were insufficient to invoke the exercise of discretion in favor of respondent. Order reversed on the law, without costs, and motion denied, without costs. Lazansky, P. J., Young, Johnston and Taylor, JJ., concur.

In the Matter of the Application of JOHN WATERS, Appellant, for an Order Directing S. HOWARD COHEN and Others, Constituting the Board of Elections of the City of New York, to Eliminate WILLIAM F. KELLY as a Candidate for Representative in Congress, Fifth Congressional District, Kings County, New York, in the Democratic Primary Election. S. HOWARD COHEN and Others, Constituting the Board of Elections of the City of New York, and WILLIAM F. KELLY, Respondents.— The parties having agreed in open court that this appeal may be decided by a court of four justices, the decision is as follows: It was error for the court to refuse to rule on the testimony taken as to the forgeries. The board of elections did not have power to pass upon the alleged forgeries (*Matter of Frankel* v. *Cheshire*, 212 App. Div. 664), and a failure to file specifications with the board of elections did not deprive the Supreme Court of jurisdiction. It was also error for the court to have held that the petitions and certificates of designation in which alterations had been made were valid, because no specifications had been filed with the board. These petitions and certificates of designation were eliminated by the board of elections on its own motion. The court was authorized to take proof as to the validity of these petitions. Order reversed on the law, without costs, and matter remitted to the Special Term to make a determination as to the forgeries, and in this connection to determine the number of alleged forged signatures which had otherwise been disallowed, to take proof as to the validity of the petitions and certificates in which alterations had been made, to inquire into any other matters properly before the court, and to make order accordingly. Lazansky, P. J., Young, Johnston and Taylor, JJ., concur.

(September 28, 1936.)

JENNIE ANGEL, Appellant, v. THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, Respondent.— Judgment in favor of defendant entered upon the direction of a verdict dismissing the complaint on the merits reversed on the law and a new trial granted, with costs to appellant to abide the event. There was a question of fact which should have been submitted to the jury: Was the assignment of the three life insurance policies to defendant made for the purpose of securing the payment to defendant of the personal loan made by defendant to plaintiff's husband,