In the Matter of the Application of LAWRENCE T. GRESSER and GEORGE F. TORSNEY, Appellants, for an Order Determining Questions of Law or Fact Arising with Respect to the Alleged Nomination of THOMAS J. TOWERS as Candidate for, etc., Justice of the City Court, etc., Queens County, etc., S. HOWARD COHEN and Others, Commissioners of Elections, etc., Respondents; THOMAS J. TOWERS,

Impleaded Respondent.— Order denying petitioner's application for an order determining that the certificate of nomination of Thomas J. Towers as candidate of the Democratic party for justice of the City Court of the City of New York, Borough of Queens, be null and void and directing the board of elections to reject it. Order reversed on the law and motion granted, without costs. 1. The meeting of the executive committee to fill the vacancy was irregularly conducted in that the chairman did not permit other nominations to be made. 2. The power to fill the vacancy was, by the statute and rule XIV, confided to the entire Democratic county committee or a quorum thereof and to no other committee. The committee, failing to fill the vacancy, adjourned without date when its duty was to adjourn to a subsequent date to fulfill its duty. 3. The general provision in rule X as to the duties of the executive committee gave no power to the executive committee to fill the vacancy in the nomination for justice of the City Court. 4. Further, we are of opinion that the certificate of nomination of Towers as filed was void as failing to comply with the terms of section 131, subdivision 9, of the Election Law. 5. We accept the finding made at Special Term that the committee was in fact adjourned on the evening of October fourth; and, therefore, the alleged nomination of Gresser was void. Davis and Taylor, JJ., concur; Close, J., concurs, being also of the opinion that this court has power to direct that the county committee reassemble for the purpose of making a nomination for the office involved. (Election Law, § 330, subd. 2; Civ. Prac. Act, § 1296, subd. 7, in effect Sept. 1, 1937.) Johnston, J., with whom Hagarty, J., concurs, dissents with the following memorandum: I dissent and vote to affirm the order. We have just held, as did the learned Special Term, that the county committee which convened to make a nomination for justice of the City Court of the City of New York, Borough of Queens, adjourned about midnight on October 4, 1937, without date and without making a nomination, and, therefore, the certificate purporting to show that the nomination of Lawrence T. Gresser, who was voted upon after the meeting had adjourned, was null and void. The time to file a certificate of nomination expired at midnight on October 5, 1937. No nomination having been made by the county committee, the executive committee nominated Thomas J. Towers as the Democratic candidate. The majority has held that the executive committee was without power to make such nomination, and the meeting of the executive committee was irregularly conducted. With this decision I cannot agree. I believe the executive committee had power, under the circumstances, to make a nomination and that there was no irregularity in its proceedings. The statute (§ 131, subd. 7) provides: " A party nomination of a candidate for election to fill a vacancy, * * * shall be filled, after the day of such primary, by a majority vote of a quorum of the State committee, if the vacancy occur in an office to be filled by all the voters of the State, and otherwise by a majority of a quorum of the members of the county committee or committees last elected in the political subdivision in which such vacancy is to be filled *or by such other committee as the rules of the party may provide*." Rule XIV, subdivision 2, of the party rules provides: " A party nomination by the Democratic party of a candidate for a vacancy in an elective office required to be filled at the next General Election, * * * shall be made by the members of the Democratic County Committee of the County of Queens * * *, and otherwise by the members of such county committee so elected in the political subdivision within which such office is to be filled by the

voters thereof." Rule X, subdivision 1, of the party rules, provides: " The Executive Committee shall, immediately upon its election, at all times when the County Committee is not actually in session, have, possess and exercise all the rights, privileges, powers and duties which the said County Committee may have, possess and exercise." It cannot be doubted that under the statute the party had power to make rules providing how nominations defined by the statute were to be made. Neither can it be doubted that under the rules the county committee had power to make the nomination. But when the county committee failed to act, the power vested in the executive committee to make the nomination. (Rule X, subd. 1.) Rule X was adopted to meet such an emergency or contingency as was created by the failure of the county committee to make any nomination. If the executive committee failed to act and a certificate of nomination was not filed prior to midnight on October 5, 1937, there would be an election by default. The effect of the decision about to be made is that one of the great parties — the Democratic party — shall be deprived of a candidate for justice of the City Court in the Borough of Queens. It cannot be the intention of the law to permit such a result. (*Matter of Kehoe*, 45 Misc. 132; affd., 97 App. Div. 637; *Matter of Lauer* v. *Bd. of Elections*, 262 N. Y. 416, 418.) Nor do I believe that Towers' certificate of nomination is invalid as matter of law for failure to comply with the provisions of section 131, subdivision 9, of the Election Law. The failure of the secretary of the executive committee to file an affidavit with the certificate does not make the certificate void, particularly when an affidavit by the chairman of the executive committee was filed and both the chairman and secretary acknowledged the certificate and the minutes of the executive committee meeting, at which Towers was nominated, also were filed with the certificate and subsequently affidavits setting forth all the statutory requirements were filed by both the chairman and the secretary. Under the liberal construction prescribed by the Election Law (§ 330) I believe there was a substantial compliance with the statute. " The Election Law should not be so interpreted as to defeat the very object of its enactment, which was to insure fair elections, and equal chance and opportunity for everyone to express his choice at the polls." (*Matter of Lauer* v. *Board of Elections*, *supra*.) Leave to appeal to the Court of Appeals is granted. Present — Hagarty, Davis, Johnston, Taylor and Close, JJ.