In the Matter of the Application of LOYAL C. BROOKS, Petitioner, for an Order against TIMOTHY J. GRIFFIN and STANLEY J. TAUB, Constituting the Board of Election Commissioners of the County of Broome, Respondents.

Supreme Court, Broome County, March 12, 1940.

*Lee, O'Brien & Kramer* [*Donald Kramer* of counsel], for the petitioner.

*Timothy J. Griffin* and *Stanley J. Taub*, constituting the board of election commissioners of the county of Broome, respondents, in person.

DEYO, J. This is a motion for an order under article 78 of the Civil Practice Act requiring Timothy J. Griffin and Stanley J. Taub, constituting the board of election commissioners of the county of Broome, to receive and file designating petitions for mem-

bers of the State Committee of the American Labor Party from the first and second Assembly districts of Broome county and delegates and alternate delegates to the American Labor Party Presidential Convention from the First and Second Assembly districts of Broome county, the same being party positions of the American Labor Party to be filled by such party at the primary election to be held April 2, 1940.

Section 18 of the Election Law provides: " The chairman of the county committee of each party or such person as may be designated by the rules of the county committee shall file with the board of elections not later than the seventh Tuesday before a primary election a statement of the party positions to be filled by such party at such primary election, and the number of persons to be elected to each position."

The seventh Tuesday before the primary election in this case fell on February 13, 1940. The statement of party positions to be filled as required by section 18 above quoted was not filed on or before that date.

On February 26 or February 27, 1940, the petitioner, who is one of the candidates named for member of the State Committee of the American Labor Party for the second Assembly district of Broome county, presented designating petitions for the party positions above enumerated, which the respondents refused to receive and file on the grounds that the statement required by section 18 had not been previously filed.

It appears that there is some question whether the American Labor Party has or ever had a duly elected county chairman for Broome county. Although the petitioner in the years 1938 and 1939 filed the statement required by section 18, in which he held himself out to be the Broome county chairman, no certificate to that effect has ever been filed with respondents, as required by section 15 of the Election Law. The petitioner now denies that he ever was so elected and the secretary of the State Executive Committee of the American Labor Party has informed the respondents that the party has no county chairman for Broome county. If there is no county chairman, the duty to file the statement required by section 18 devolved either upon the Secretary of the State Committee of the American Labor Party or upon the State Executive Committee, pursuant to the provisions of article V, section 4, and article VI, section 3, of the rules and regulations of the party. Be that as it may, there was no compliance with section 18 of the Election Law, and the question presented to the court is whether or not such non-compliance operates as an absolute bar to the filing of the designating petitions.

The respondent board has taken the position that the filing of the statement is a prerequisite to the filing of the petitions. In reaching this decision Messrs. Griffin and Taub have acted entirely in good faith. The board is an administrative body and the insistence of its members that the provisions of the law be strictly adhered to is highly commendable. The court, on the other hand, has wide discretionary powers in matters of this kind. (Election Law, § 330; *Matter of Lauer* v. *Bd. of Elections*, 262 N. Y. 416.) The filing of the statement is not by statute specifically made a prerequisite to the filing of designating petitions. The statement is primarily, if not solely for the information of the board of elections. Moreover, the whole purpose of the Election Law is to insure freedom of expression to the electors of the State. To deny the members of the American Labor Party the right to select their own party representatives because their party leaders, whether it be county chairman, Executive Committee or Secretary, have been negligent or careless and have not complied with the provisions of law applicable, does violence to the democratic theory of government. " As a general principle the freedom of expression of the electors of the State by the formation of political parties and the participation in elections should not be inhibited in any degree if possibly consonant with the Election Law." (Op. Atty.-Gen. [1932], 45 State Dept. Rep. 88, 89.)

Under the rules of the American Labor Party the State Committee is the supreme governing body of the party (Art. II, § 1), with authority to select the party officers and the all-powerful State Executive Committee. (Art. II, §§ 4 and 5.) The rules further provide that on failure to elect a member of the State Committee " for any reason whatsoever, such vacancy shall be filled by the remaining members of the State Committee." (Art. II, § 10, subd. a.) In this instance it was the clear and unmistakable duty of the Broome county chairman of the American Labor Party, if there was one, or if not, of the Secretary of the State Committee or the State Executive Committee, to file the statement required by section 18 of the Election Law. These officials have clearly been remiss in their duties. The effect of their neglect, unless the relief herein sought be granted, is to enable these selfsame officials to perpetuate themselves in office and to disfranchise the rank and file of the party from their right to select party representatives of their own choosing. These unwholesome results, whether intended or not, can and should be avoided, since the granting of the relief sought will cause no serious disruption of the election machinery or work no hardship on any other person.

On the hearing the court raised the question of whether or not section 21 of the Election Law had any bearing upon the designating petitions for delegates and alternate delegates to the American Labor Party Presidential Convention. Section 21 provides that delegates to national party conventions shall be elected from Congressional districts. The petitions offered for filing designate delegates from Assembly districts. The American Labor Party exists only in New York State and is not a national party, and consequently *ipso facto* could not hold a national party convention. Apparently all that is intended is a State convention to determine the choice of the American Labor Party for President and Vice-President. Such a convention is provided for in the rules of the party, article VIII, section 1, subdivision c. The petitions on their face seem to comply with these party rules. There is nothing in the Election Law to prevent a political party from holding such a convention or from utilizing any unit of representation the party may desire. Section 21 of the Election Law refers only to national conventions of political parties organized on a national basis, thus presupposing delegates from all of the States of the Union. Since such a convention is not contemplated by the American Labor Party, and as a practical matter could not be held, the court has reached the conclusion that section 21 has no application to the instant case.

The relief herein sought is granted and the respondent board should receive and file the designating petitions and should place the names of the candidates for party positions therein contained upon the ballot for the primary election to be held April 2, 1940, subject of course to the right of the respondent board to pass upon the sufficiency of the petitions in accordance with the provisions of the Election Law. The same right to file designating petitions for the party positions involved is likewise granted to any other members of the American Labor Party, assuming of course that such petitions were actually circulated within the time required by law. All designating petitions should be filed on or before March 14, 1940, and any objections thereto should be filed on or before March 18, 1940. Nothing contained herein is to be construed as limiting or in any way affecting the rights and duties of the respondent board in accordance with the provisions of the Election Law applicable in any matter other than those specifically determined herein. Submit order accordingly forthwith.