In the Matter of the Application of Gabriel L. Kaplan, Petitioner, Appellant, for an Order to Compel the Board of Elections of the City of New York to Print the Names of Joseph M. Callahan, Benjamin L. Greenberg and Gabriel L. Kaplan as the Candidates of the American Labor Party for the Office of Justice of the Supreme Court of the State of New York, upon the Voting Strips of the Voting Machines to Be Used Throughout the First Judicial District of the State of New York at the General Election to Be Held in the State of New York and in Said Judicial District, on November 5, 1940, against S. Howard Cohen and Others, as Commissioners Constituting the Board of Elections of the City of New York, Benjamin Schreiber, Denis O'Leary Cohalan and Harold Baer, Respondents.

In the Matter of the Application of Luigi Antonini, Individually and as Chairman of the State Committee of the American Labor Party, and Also as Chairman of the State Executive Committee of the American Labor Party, Harold Baer, Individually and as Permanent Chairman and Presiding Officer of· the First Judicial District Convention of the American Labor Party of 1940, Salvatore Ninfo, Individually and as Chairman of the Bronx County Committee of the American Labor Party, and Benjamin F. Schreiber, an Aggrieved Candidate, and Denis O'Leary Cohalan, an Aggrieved Candidate, Petitioners, Respondents, for an Order Pursuant to Article XIV and Sections 330 and 335 of the Election Law, against S. Howard Cohen and Others, Commissioners of Elections of the City of New York, Constituting the Board of Elections of the City of New York, Defendants, and Gabriel L. Kaplan, a Purported and Pretended Candidate, and Benjamin L. Greenberg, a Purported and Pretended Candidate, Appellants, and Joseph M. Callahan, a Candidate Who Is a Necessary Party.

First Department, October 25, 1940.

*C. Dickerman Williams* of counsel [*Irving Kaufman* with him on the brief], for the appellant Gabriel L. Kaplan.

*Hyman N. Glickstein* of counsel [*Samuel M. Blinken* with him on the brief], for the appellant Benjamin L. Greenberg.

*Terence J. McManus* of counsel [*Joseph E. Brill, Maxwell Julian Eile* and *James Lipsig* with him on the brief], for the respondents Benjamin F. Schreiber and Denis O'Leary Cohalan.

*Matthew M. Levy* of counsel [*Eli Kriger*, attorney], for the respondents Luigi Antonini, Harold Baer and Salvatore Ninfo.

*Russell Lord Tarbox* of counsel, for the Board of Elections of the City of New York.

PER CURIAM. The purported convention held at No. 77 Fifth avenue, borough of Manhattan, city of New York, was not lawfully convoked and the action of this group is without force or effect. The order declaring invalid the nominations there made should accordingly be affirmed.

We are of opinion that the judicial convention convened at the Hotel Capitol pursuant to the call issued under the rules of the State Committee of the American Labor Party was lawfully constituted and that the nominations there made were valid. The claim is now urged that at this convention no quorum was present, though such a question was not at any time raised during the meeting. In all, 318 delegates and 318 alternates were to be elected at the primary election. With all vacancies filled, 160 constituted a quorum. It appears that at least 163 duly accredited delegates and alternates were present. The point is made by appellants that the 163 persons who acted were not all duly elected delegates owing to the method employed in filling eleven vacancies in the Eighth Assembly District, Bronx. Such vacancies arose by reason of the fact that at the primary election fourteen candidates for these eleven positions received a tie vote. These eleven places, accordingly, were vacant. They were filled by the unanimous vote of the twenty-four duly elected delegates present from the Eighth Assembly District, Bronx county, by selection of the eleven from the fourteen who had been tied in the primary election. Such procedure was apparently adopted pursuant to subdivision 1 of section 132 of the Election Law, which provides: " * * * When a duly elected delegate does not attend the convention, his place shall be taken by one of the certified alternates, if any, to be substituted in his place, in the order in which the name of such alternate appears upon the certified list, and if no alternates shall have been elected or if no alternates appear at such convention, then the delegates present from the same Assembly district shall select a person to fill the vacancy."

The record shows that there were also present at the convention from the Eighth Assembly District, Bronx, fourteen duly certified

alternate delegates who had been chosen at the primary election. At the convention meeting, no objection was made by any of these alternates or by any other person present to the choice of the eleven delegates from the list of the fourteen who had been tied for the positions. If such objection had been there interposed, eleven of the fourteen duly accredited alternate delegates from that district could readily have been substituted.

Even assuming that a vacancy in the office of delegate to the judicial convention might have been filled at a meeting called for that purpose by a majority of a quorum of the members of the County Committee from the Eighth Assembly District, Bronx, or of the counties comprising the First Judicial District (Election Law, § 139), such action was never taken. The vacancies admittedly existed on the night the convention was convoked. Such vacancies could then only be filled in the manner provided in subdivision 1 of section 132 of the Election Law heretofore quoted. An alternate delegate at a judicial convention named in the official roll call may be called upon to act when a vacancy occurs no matter what the cause of the vacancy. It would undoubtedly have been proper, also, to have the vacant places taken by certified alternates, of whom there were fourteen present who were qualified to act, but no one of the duly certified alternates claimed the right to act. In the situation here, the presence of these duly certified alternates at the convention, together with the other lawfully elected delegates and certified alternates, could properly be regarded as constituting the necessary quorum. If the alternates were present when the convention was called to order, there was a clear quorum. If they be deemed absent because taking no part in this convention, their places were properly filled as provided in subdivision 1 of section 132 of the Election Law. In any view of the situation there was present a quorum, that is, " a majority of the delegates or respective alternates named in the official roll." (Election Law, § 132, subd. 2.) We find that the convention was constituted and conducted in accordance with the statute and in conformity with the party rules and that the nominations made thereat were valid.

The order should, accordingly, be affirmed.

In the first proceeding: Present — MARTIN, P. J., TOWNLEY, UNTERMYER, DORE and COHN, JJ.

In the second proceeding: Present — MARTIN, P. J., TOWNLEY, UNTERMYER, DORE and COHN, JJ.; UNTERMYER, J., dissents and votes to reverse.

UNTERMYER, J. (concurring in the first proceeding and dissenting in the second proceeding). I concur in the decision of the court that the convention alleged to have been held at No. 77 Fifth avenue was not properly assembled and that the names of the candidates so nominated are not entitled to a position on the ballot. I accordingly vote to affirm the order in the Kaplan case.

The order in the Antonini case, which sustains the validity of the nomination of candidates at the Hotel Capitol, should be reversed and the motion to place their names on the ballot should be denied on the ground that, upon the conceded facts, no quorum was present which had power to transact any business or to make these nominations.

The Election Law (§ 132, subd. 2) provides that " no such convention shall proceed to the election of a temporary chairman or transact any business until the time fixed for the opening thereof nor until a majority of the delegates or respective alternates named in the official roll shall be present." As a result of the primary election there were eleven vacancies in the Eighth Assembly District of the Bronx due to the fact that fourteen candidates for these eleven party positions had tied in the vote. Alternate delegates had, however, been duly elected. Accordingly the board of elections in its certified list of delegates and alternate delegates properly excluded eleven delegates from the certified list of those entitled to be seated at the convention. It stated " Eleven delegates failed to be elected in the Eighth Assembly District, Bronx County, by reason of ties " and that " a majority and a quorum necessary to convene the meeting and to effectuate any nominations were one hundred and fifty-four." If these eleven party positions be regarded as vacant, then concededly no quorum was present which could make nominations. The validity of the nominations which were made thus depends on the validity of the method in which these eleven positions were filled. The positions were filled by the selection by the duly elected delegates of the Eighth Assembly District of the Bronx of eleven out of the fourteen candidates who had failed of election in consequence of the tie vote.

There is nothing in the Election Law which authorizes such a procedure. On the contrary, section 139 of the Election Law contains provisions entirely inconsistent with this method for the filling of such vacancies. It provides: " A vacancy in a nomination made at a fall primary, or by a tie vote thereat, may be filled by a majority of a quorum of the members of the county committee or committees last elected in the political subdivision in which such vacancy occurs, or by a majority of such other committee as the rules of the party may provide."

The concluding sentence of subdivision 1 of section 132 has no application here. It relates only to the condition which exists "when a *duly elected delegate* does not attend the convention" and there is no alternate available at the convention who may be substituted for him. In view of the provisions of section 139 I am of the opinion that eleven alternates could not have been seated in place of eleven delegates who had not been elected, but that question is not presented here for the reason that the eleven delegates who were seated were not selected from the alternates, although these were present in sufficient number, but from among the fourteen unsuccessful candidates at the primary election.

Finally, it is suggested that the objection that no quorum was present when the nominations were made should have been taken at the convention at the Hotel Capitol and that it is not available at this time. I do not understand this to be the law, especially where the statute (Election Law, § 132, subd. 2) expressly prohibits the transaction of any business until a quorum is assembled. Nominations made in defiance of the statute, perhaps by a group consisting of a small fraction of the total number of qualified delegates, may be challenged by any person aggrieved though not present at the convention. Those not present, whether by accident or design, do not subject themselves and the public to the risk that the meeting will proceed without a legally constituted quorum. They are entitled to assume that the meeting will adjourn unless such a quorum is present. Any other rule might moreover, defeat itself, for it would require the presence at the convention of all those intending to assert that objection and who by their very presence, might constitute a quorum.

The order in the Kaplan case should be affirmed. The order in the Antonini case should be reversed and the motion denied and a new convention should be directed to be held for the nomination of candidates at the general election to be held on November 5, 1940. (See Election Law, § 330; *Matter of Lauer* v. *Board of Elections*, 262 N. Y. 416; *Matter of Connolly* v. *Cohen*, 258 App. Div. 944.)

In the first proceeding: Order unanimously affirmed, without costs. Leave to appeal to the Court of Appeals granted.

In the second proceeding: Order affirmed, without costs.