In the Matter of JOHN McDONALD, Petitioner, against WILLIAM J. HEFFERNAN et al., Constituting the Board of Elections of the City of New York, Respondents.

Supreme Court, Special Term, Queens County, September 14, 1951.

*Benjamin Gassman* for petitioner.

*John P. McGrath, Corporation Counsel (Victor J. Herwitz* of counsel), for respondents.

*George E. Wanderman* for Anthony M. Livoti, intervener.

*J. Wolfe Chassen* and *William E. Clancy* for James J. Delaney, as Democratic Party candidate for office of President of the Borough of Queens, and another, interveners.

COLDEN, J. This is an application for an order extending the time of the Independent party to file nominating petitions for the office of borough president of the Borough of Queens.

A vacancy in that office resulted from the untimely death of the Honorable Maurice A. Fitzgerald on August 25, 1951. Subdivision 13 of section 143 of the Election Law (as amd. by L. 1951, ch. 70, § 3, eff. March 9, 1951, and L. 1951, ch. 257, § 3, eff. March 24, 1951*) provides that "A vacancy occurring before September twentieth of any year in any office authorized to be filled at a general election," of which the office of Borough President is one "shall be filled at the general election held next thereafter". Subdivision 11 of section 314 of the Election Law (as added by L. 1951, ch. 435, § 1, eff. March 31, 1951) provides in pertinent part that: "A petition for an independent nomination for an office to be filled at the general election shall be filed not earlier than September sixth and not later than September eleventh preceding such election". And subdivision 14 of section 143 of the Election Law provides, in the part here relevant, that "Notwithstanding any other provisions of law, where a vacancy occurs less than fourteen days before the last day for the filing of an independent petition for an office to be filled at the time of a general election, or after the last day to file an independent petition, such petition may be filed for the said office within fourteen days after the vacancy occurs."

The vacancy in the case at bar occurred on August 25, 1951. The last day for the filing of an independent petition was September 11th. Since it is obvious that the vacancy did not occur "less than fourteen days before the last day for the filing of an independent petition for an office to be filled at the time of a

---

* Election Law, § 143, subd. *12*, amd. by L. 1951, ch. 257, without reference to previous renumbering by L. 1951, ch. 70, of former subd. 11 as present subd. 12, and former subd. 12 as present subd. 13.— [REP.

general election '' it can be seen that subdivision 14 of section 143 of the Election Law is here inapplicable and that subdivision 11 of section 314, which provides for the time within which such a petition must be filed, i.e., '' not earlier than September sixth and not later than September eleventh,'' must control.

The fourteen-day period allowed by the statute presently in effect cannot be said to be unreasonable. Indeed, under a former statute (L. 1950, ch. 329), a shorter time within which to file an independent nominating petition than that here available to the petitioner was deemed '' an adequate, sufficient and reasonable period.'' (*Matter of Potter* v. *Heffernan,* 277 App. Div. 331, 334, affd. 301 N. Y. 673.) In the just-cited case the vacancy occurred on September 2, 1950. The statute then in effect fixed September 9th as the last date for filing. Special Term extended the filing date from September 9th to September 16th. The Appellate Division, First Department, held that the court should not have extended the time to file independent nominating petitions expressly fixed by statute. In the case at bar seventeen days were available within which to obtain and file the petition. That *designation* of and acceptance of the designation by the candidate did not occur until September 5th cannot affect the result. The time limited by the statute is for obvious reasons expressly made to run from the time the *vacancy* occurs, not from the time a *designation* is made. It is, therefore, incumbent upon those interested in nominating a candidate to run for a vacant office to act within a specified period after the vacancy in that office occurs. That the Independent party did not take any action until September 5th, eleven days after the vacancy had occurred, is no reason for extending the time expressly fixed by statute for the filing of independent nominating petitions.

Subdivision 11 of section 143 of the Election Law, relied upon by the petitioner for the proposition that the petition may be filed '' as soon as practicable,'' is clearly inapplicable. That subdivision becomes operative only '' If a vacancy described in subdivision seven of section one hundred thirty-one occur too late to comply with the provisions '' of section 143. Section 131, *in toto,* is applicable only to '' *Party* nominations '' and the term '' party '' is in turn defined in subdivision 4 of section 2 of the Election Law as ''any political organization which at the last preceding election for governor polled at least fifty thousand votes for governor.''

*Matter of Lauer* v. *Board of Elections of City of New York* (262 N. Y. 416) is not in point. That case simply held that the Supreme Court ''might relieve from certain accidents and mis-

takes causing delay in the filing of nominating certificates '' (p. 420) by reason of power conferred upon it by section 330 of the Election Law. No accident or mistake is here involved.

The application is accordingly denied. Submit order.