Bichabd J. Bookhout, J.
This proceeding is brought by the Chairman of the Otsego County Democratic Committee under subdivision 2 of section 330 of the Election Law with respect to the nomination of the candidate of the Democratic party for Member of Assembly for the 112th Assembly District, consisting of the Counties of Otsego and Herkimer.
The Secretary of State has neglected and refused thus far to recognize that any candidate of the Democratic party has been legally nominated to this office, and depending on the outcome of this proceeding rests the question of whether or not there will be a contest for this office in the general election with candidates from both major parties.
After examination of all the proof submitted and after a hearing, the following facts are established:
Designating petitions in proper form containing sufficient signatures were duly filed in the Secretary of State’s office purporting to designate Edward Deleski, of B. D. Oneonta, N. Y. for nomination as Democratic candidate for State Assemblyman.
No designating petitions have been filed for any other candidate so that the candidate described in the petition would, if qualified, become the nominee of the Democratic party. (Election Law, § 149.)
The petitions as filed were erroneous in that it was intended to nominate Edwin J. Deleski for the office, there being no *602 Edward Deleski within Otsego County; and “ Edward ” Deleski and Edwin J. Deleski are one and the same person.
Edwin J. Deleski is a duly enrolled Democrat, presently residing in the Second Election District of the Town of Oneonta, his post-office address being E. D. Oneonta, N. Y.; he formerly resided and was enrolled in the First Electon District of the Town of Laurens, same county, at the time of the November, 1965 general election at which time he ran as Democratic candidate for the Legislature.
By letter signed ‘ ‘ Ed Deleski ’ ’, dated May 15, 1966, Mr. Deleski advised the Chairman of the Otsego County Democratic Committee of his declination, who in turn filed the same with the Otsego County Board of Elections, who in turn advised the Secretary of State’s office. No issue is raised as to the filing of a declination, but objection is made as to lack of an acknowledgement. Edwin J. Deleski has since on two separate occasions acknowledged under oath his declination; first in his affidavit of June 10, 1966, attached to an earlier petition served on the Secretary of State, which was dismissed for technical and jurisdictional reasons; and again in his affidavit of June 17,1966, attached to the petition in this proceeding. Mr. Deleski personally appeared in open court at the hearing on the earlier application on June 16, 1966, and repeated his declination. By certificate dated May 31, 1966, a majority of the vacancy committee named in the designation petition duly nominated Henry W. Becker to fill the vacancy caused by Mr. Deleski’s declination, and Mr. Becker duly accepted.
By letter dated June 6, 1966, and delivered June 8, the Secretary of State advised the respective candidates that he refused to accept the nomination of Mr. Deleski or the substitution of Mr. Becker for the stated reason that Mr. Deleski was not an enrolled Democrat and had failed to accept.
In view of the state of the proceedings and the errors apparent, the Secretary of State was compelled to follow the letter of the Election Law in the absence of such corrective action by order of the Supreme Court as might be warranted.
The purposes of the exacting requirements of the election laws are to prevent fraudulent practices and to provide for fair and orderly conduct of elections. However, there “may be slips or errors or mistakes which in all reason and justice should be corrected in order that the election may be fair and the will of all the electors ascertained. The Election Law should not be so interpreted as to defeat the very object of its enactment, which was to insure fair elections, an equal chance and *603 opportunity for every one to express his choice at the polls.” (Matter of Lauer v. Board of Elections, 262 N. Y. 416, 419.)
This appears to be a proper case for correction.
The Attorney-General on behalf of the Secretary of State urges that this court is without jurisdiction to rectify this unfortunate situation by reason of the provisions of subdivision 12 of section 314 of the Election Law, as amended by chapter 106 of the Laws of 1966, fixing June 8 as the last day for instituting proceedings under subdivision 1 of section 330 relating to the contested or open primary elections to be held on June 28. This advanced date was apparently made necessary in order to prepare in an orderly manner for the early primary date. There was no primary election on the Democratic side on June 28 in this district, nor is this a proceeding under subdivision 1 of section 330 by a candidate aggrived or by a person objecting under section 145.
This proceeding falls under subdivision 2 of section 330 relating to the nomination of a candidate in a proceeding instituted by the chairman of a committee, and is subject only to the requirement that the final order be made on or before the 12th day preceding the day of the general election.
“ Such proceeding may be instituted as a matter of right and the supreme court shall make such order as justice may require.” (Election Law, § 330.)
Justice requires that the Democratic nominating petitions originally filed be amended nunc pro tunc to state the name of the candidate for State Assemblyman, 112th District, to read Edwin Deleski, that his declination as acknowledged in his sworn affidavits of June 10 and June 17, be considered as being duly acknowledged and filed, and that Henry W. Becker of 1 Reynolds Avenue, Oneonta, New York, be substituted and certified as candidate of the Democratic party for Member of Assembly, 112th Assembly District for the general election to be held November 8, 1966.