that the witness was not disclosing the facts upon which he based his opinion, and the court was left clearly in the dark, as we should now be except for the insistance of counsel that the point as now urged was intended to be presented. This point, even if good, which it is not, would not now be available.

It follows that the judgment should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.

In the Matter of the Application of JAMES NORTON.

JAMES NORTON, Appellant; JOHN H. SUTPHIN, Clerk of the County of Queens, Respondent.

*Certificate of nomination for State Senator — when it may be filed under section 59 of the Election Law — distinguished from acts affecting the rights of third parties.*

A candidate for State Senator is entitled at any hour of the day, "at least twenty-five days prior to the holding of the election," to file with the clerk of the county a certificate of nomination for that office, and the delivery of such a certificate to the clerk, between the hours of ten and eleven in the night of the last day on which such certificate could be lawfully filed, is sufficient under the provisions of section 59 of the Election Law (Chap. 909 of the Laws of 1896).

The certificate need not be filed within the hours during which the clerk is required, by statute, to keep his office open for the transaction of public business.

The distinction between the construction to be given to a law which creates an involuntary lien and fixes the rights of third parties affected thereby, and one which seeks a method of procedure by which the nomination of candidates for office is evidenced, considered.

APPEAL by the applicant, James Norton, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Queens on the 24th day of October, 1898, denying said applicant's motion for an order requiring the clerk of the county of Queens to accept and file, as of October 14, 1898, the certificate of nomination of the applicant as a candidate for the office of Senator in the second senatorial district.

*Henry A. Monfort*, for the appellant.

*F. H. Van Vechten*, for the respondent.

HATCH, J.:.

The moving papers show that the petitioner was duly nominated by a convention of the Democratic party, assembled for that purpose, as a candidate for State Senator in the second senatorial district of this State, to be voted for at the coming general election to be held on the eighth day of November then next ensuing. The county of Queens constitutes said senatorial district. Section 58 of the General Election Law (Laws of 1896, chap. 909) requires that a certificate of nomination for this office shall "be filed with the clerk of the county in which" the electors voted for such candidate. The certificate is required to be filed with the county clerk at least twenty-five days prior to the holding of the election. (Election Law, § 59.) The last day on which petitioner's certificate could be lawfully filed was the 14th day of October, 1898. Upon the night of this day, between the hours of ten and eleven, petitioner's certificate, certified in all respects as required by law, was presented to the acting clerk of Queens county, who refused to receive or file the same. This refusal has been sustained by the court below upon the ground that as the county clerk was required by law to file such certificate, he could only comply with such provision when at his office, where the law requires the clerk to keep his books and files and to receive and file such papers. The County Law requires that county clerks, between the thirtieth day of September and the first day of April, shall keep their offices open for the transaction of public business from nine o'clock in the forenoon to five o'clock in the afternoon, except upon Sundays and holidays or half-holidays. (Laws of 1892, chap. 686, § 165.) It is argued, therefore, that as this certificate was presented after the hour for closing his office, he could not lawfully receive and file the same, and, therefore, the attempt to file was inoperative.

The statute does not make the act of keeping open the clerk's office, after or before the hours mentioned therein, unlawful; it simply fixes the hours in the day when it shall be open for the transaction of public business. What effect an official act of the clerk would have when done after the closing or before the opening hour,

if done at his office, in all cases, it is not necessary to determine in this proceeding. It was held in *Hathaway* v. *Howell* (54 N. Y. 97, relied upon to support the determination below) that leaving a judgment roll with the clerk, after the closing of the office, did not constitute the same a valid judgment as of the time of delivery, but that it became operative upon the following business morning when the clerk opened the office. It is, however, to be observed that judgments are required to be docketed in books kept for that purpose, and cannot become effective until received at the clerk's office where such books are kept. In cases of this class, the docketing of judgments, recording of mortgages and other similar acts are required, not alone for the protection of the parties whose interest it is to have them recorded or docketed, but it also affects, or may affect, the rights of third parties, as the act of record determines their status, and the necessary steps to insure a lien are required by positive law. As applied to this case, no such question can arise. The filing of this certificate in nowise affected the property interest of third parties, or in anywise affected their legal right in respect thereto. The purpose of the statute is to require the filing to evidence the action of the convention and enable the clerk to make up and properly certify the ticket. The voters have a special interest in having what was done properly evidenced, in order that they may not be deprived of the privilege of exercising the franchise in favor of a person representing their views, which their delegated authority has selected. There is, therefore, quite a radical difference in reason between a law which creates an involuntary lien and fixes the rights of third parties affected thereby, and one which seeks a method of procedure by which the nomination of candidates is evidenced, the elective franchise made secure, and the fullest scope permissible given to its exercise. As we have seen, the Election Law gave to the petitioner the whole day of the fourteenth of October in which to file his certificate. This contemplated a day of twenty-four hours. Such are the terms of the Statutory Construction Law (Laws of 1892, chap. 677, § 27, as amended by chap. 447, Laws of 1894). It is quite apparent, therefore, that if the petitioner must have filed the certificate before the clerk's office closed upon this last day, his right to a full day of

twenty-four hours is abridged. There ought to be no abridgment of his clear legal right in this respect unless it be worked by clear legal authority. The language of the statute is, "shall be filed with the clerk." A compliance with the letter of the statute is had when the paper is placed in the possession of the clerk, wherever he may be. His office is not mentioned, although the office is mentioned in connection with the filing in Fulton and Hamilton counties. As to all other offices therein mentioned, the statute is satisfied upon filing with the respective officers. It is many times found necessary in order to uphold a given act, where appeals in its favor are based either upon public or private good, to interpret a statute against its strict letter and in accordance with its spirit in order that justice may be accomplished. We have, therefore, little difficulty in reconciling an adoption of the letter of the statute when by so doing is enhanced the public good. In the present case, it is for the interest of the voters in this senatorial district to have an opportunity to vote for the candidates who have been properly selected. Limitations upon the exercise of such right are not favored. The whole scheme of the Election Law at bottom is to secure to the voter the right to vote for the candidate of his choice, and to have the vote thus given honestly counted and returned. This right should not be restricted by the removal of candidates from a ticket, any more than in preventing the voter from depositing his ballot. Both are entitled to the same measure of protection, and where the statute may be satisfied and both privileges secured by fair construction; it is the duty of the court to adopt such construction. In the present case, in order to secure to the petitioner his full legal right, and to give to the voters the opportunity to vote for the candidates of their choice, we think that however technical may be the meaning which attaches to the word "file," it must be held to be satisfied when the certificate is left with the clerk, and that such act satisfied the requirements of the statute as to filing with him.

This view is confirmed by the customary practice of the Secretary of State, and other persons and bodies required to receive certificates of this character, who keep their respective offices open until midnight of the last day for filing certificates, in order that all legal rights may be preserved. This practice is commendable. But whether it be adopted or not, we think the statute is satisfied when

the certificate is given to the clerk, and as it is then within the legal right of the party so to deliver it, it must be regarded as a filing within the meaning of this statute. The statute in question admits of different interpretations, and no censure can attach to the clerk for interpreting the statute as he did.

The order should be reversed, and the motion granted.

All concurred.

Order reversed and application granted, without costs.