In the Matter of the Application of W. J. CONSTABLE, Petitioner, for a Peremptory Mandamus Order against ALEXANDER J. NEISH, Clerk of the Town of Walton, Delaware County, Respondent.

Supreme Court, Delaware County, October 18, 1935.

*Lloyd C. Anderson*, for the petitioner.

*Hamilton J. Hewitt*, for Robert A. Tweedie.

*Samuel H. Fancher*, for the respondent.

PERSONIUS, J.   Two petitions, under section 141 of the Alcoholic Beverage Control Law, which provides for the submission to the electors of the question of local option for towns, were filed with the clerk of the town of Walton, Delaware county, September 6, 1935.   One requested the submission of questions under group A of said section; the other requested the submission of questions under group B.   The town clerk treated them as filed simultaneously, namely, nine-one A. M., and so certified them to the board of elections.   The petitioner asks that the town clerk be required to file the group B petition as of the time when it was first presented for filing.

Of course, it was the duty of the clerk to file such petitions on proper presentation.   It appears without dispute that the group B petition was tendered to the clerk at his home before nine o'clock. He declined to accept any petition until "office hours," namely, nine o'clock.   At that hour both petitions were filed and, we will assume, simultaneously.

The question, therefore, is whether the tender of the petition to the town clerk outside of his office and before the office hours as *fixed by him* was a proper filing. The question seems to be settled by *Matter of Norton* (34 App. Div. 79). That case involved the filing of a certificate of nomination. The statute required that it be filed " with the clerk of the county." The county clerk's office was required by statute to be kept open from nine A. M. to five P. M. The certificate was presented for filing to the clerk after these hours. In the present case the statute requires the petition to be filed " with the town clerk." No office hours are fixed for him by statute. Conceding that the town clerk had the right to fix his own office hours, the situation is no different. We think the case is controlling. It distinguishes *Hathaway* v. *Howell* (54 N. Y. 97). *Sweeney* v. *City of New York* (225 N. Y. 271) considered only the sufficiency and manner of filing. It did not involve the question of filing a paper out of hours.

It appears that the town clerk had advised the promoters of both petitions that neither would be accepted before nine o'clock. Even so, he could not limit his legal duty.

The statute (Alcoholic Beverage Control Law, § 141) seems most impractical and unworkable. No provision is made to meet this situation where the petitions are filed simultaneously. Furthermore, if those interested contrive to file a petition under one group first or simultaneously, the electors have no opportunity to vote on the questions under the other group. The electors favoring prohibition of the sale of all alcoholic beverages and those favoring prohibition of only liquors and wines have no opportunity to express their wishes at the same election. This situation, however, is for the consideration of the Legislature and not the courts.

A peremptory order for mandamus may issue. Submit order accordingly.