In the Matter of the Application of WILLIAM H. LAYMAN, Petitioner, for an Order to Show Cause Why the Petition Filed in the Town Clerk's Office of the Town of Laurens, Otsego County, on the 14th Day of September, 1937, Purporting to Submit to the Electors of Said Town Certain Questions as Provided by Section 141 of the Alcoholic Beverage Control Law, Should Not Be Declared Null and Void.

Supreme Court, Special Term, Otsego County, October 16, 1937.

*Almond Cramer*, for the petitioner.

*Andrew J. Mc Naught, Jr.*, for the respondents.

McNAUGHT, J. Petitions purporting to contain the signatures of 189 electors of the town of Laurens were filed in the office of the town clerk of said town on the 14th day of September, 1937, for the submission to the electors of such town at the general election to be held on the 2d day of November, 1937, of the several questions contained in group A of section 141 of the Alcoholic Beverage Control Law. On the 18th day of September, 1937, the petitioner filed objections to the sufficiency and validity of such petitions. Subsequently the petition herein was presented to this court, and an order to show cause returnable at a Special Term at chambers October ninth was issued.

It appears from the certificate of the board of election commissioners of the county of Otsego that at the general election held November 3, 1936, the aggregate vote in the several election districts of such town for Governor was: Herbert H. Lehman, 232; William F. Bleakley, 464; Harry W. Laidler, 3; Robert Minor, 1; blank, 27; void, 14; a total of 741. The petitioner contends that 186 valid signatures were required to submit to the electors of the town of Laurens the several questions under group A, basing his contention upon the claim that the provisions of section 141 of the

Alcoholic Beverage Control Law requiring the signatures of twenty-five percentum of the votes cast for Governor at the last preceding election, means twenty-five percentum of the ballots delivered to electors. Our attention has not been called to any authority, and neither has search by the court discovered any case in which the question has been passed upon.

Clearly, the delivery of a ballot does not constitute casting a vote. A vote is only cast when a ballot is marked in the manner provided by the Election Law. A ballot wholly blank as to Governor cannot by any stretch of imagination be termed a vote cast. The sole remaining question upon this feature of the proceeding is whether, where a voter has made an attempt to vote for Governor, but by reason of improper marking, erasure, or other cause, has vitiated the ballot as to the block containing the names of gubernatorial candidates, a vote has been cast. In such case the purpose of the voter may have been to cast a ballot, but if he or she has vitiated that ballot so it cannot be counted, it clearly is not cast for Governor, because a vote which is not counted can hardly be termed a vote cast for a candidate.

We are, therefore, of the opinion that the votes cast in the town of Laurens for Governor at the last general election were 700. The number of valid signatures required upon a petition for the submission of questions under group A of section 141 of the Alcoholic Beverage Control Law is, therefore, 175.

The petition was filed with the town clerk at nine-thirty o'clock in the evening of September fourteenth. The objections upon which this proceeding is based were filed on the eighteenth day of September at eleven o'clock on the forenoon. Under the provisions of the Alcoholic Beverage Control Law, the provisions of the Election Law relative to designating petitions are made applicable to petitions for a vote upon the questions specified in section 141. Section 142 of the Election Law provides that written objections to any petition or certificate may be filed within three days after the filing of the petition or certificate. The petition was properly filed with the town clerk on September fourteenth. The filing became effective upon delivery to the town clerk, irrespective of the hour of delivery. (*Matter of Norton*, 34 App. Div. 79; appeal dismissed, 158 N. Y. 130; *Matter of Constable* v. *Neish*, 157 Misc. 91.) The objections were, therefore, not filed within three days after the filing of the petition. The Supreme Court, however, is vested with summary jurisdiction to determine any questions of law or fact, irrespective of whether such questions have been previously raised before the board of elections or the official with whom the petition may be filed. (*Matter of Vona* v. *Cohen*, 150 Misc. 649.) We hold, therefore, that the court may entertain the objections

which have been made in this proceeding by the petitioner. (*Matter of Lauer* v. *Board of Elections,* 262 N. Y. 416.)

The respondents urge that there is a defect of parties in this proceeding. We believe the objection is well taken. Section 124 of the Alcoholic Beverage Control Law provides: " The State Liquor Authority shall be made a party to all actions and proceedings affecting in any manner the submission of the local option questions provided for in this chapter, or the result of any vote thereupon." This is a proceeding which affects the submission of the local option questions provided for in the Alcoholic Beverage Control Law. Under section 124 the State Liquor Authority is a necessary party. It has not been made such party to this proceeding. We, therefore, conclude the objection should be sustained. This defect could be obviated by bringing in the State Liquor Authority as a party, were it not for the fact that the time remaining before publication and posting of notices as required is too limited in which to do so.

We believe, however, in justice to the parties, we should pass upon the question of the sufficiency of the number of signatures.

The petition filed with the town clerk purports to be signed by 189 electors. It is contended that eleven of the persons whose signatures purport to be upon said petition did not sign the same, but their names were signed thereto by some other party. An individual signing a petition has the right to direct some other person to sign his or her name, and when done by such authority and in the presence of the individual, the signature is sufficient.

Affidavits have been submitted, which it was conceded should be received as evidence, from nine of the persons whose signatures it is claimed are invalid. No affidavits are presented signed by T. M. Strong or James Vickers. William Crawford testifies that he signed his name to the petition, and that the same was not placed thereon by any other person. Kester Bookhout, Edna C. Johnson, Thomas Bookhout, and Leon E. Dixson all testify that their names were added to the petition in their presence and with their full knowledge and consent. E. L. Field testified that the petition was signed by his wife for him at church, that he is an invalid, and that his wife signs all of his papers by his consent, and with his knowledge, and that he fully ratifies his signature. It does not appear the petition was signed by his direction or in his presence. We, therefore, hold that of the eleven questioned signatures, five are valid, and six invalid.

It also appears that the petitions were taken and authenticated by subscribing witnesses. It is claimed that nine persons who signed the petition authenticated their own signatures. Petitioner

contends that such act renders the nine signatures void. While the point is technical, we are inclined to agree with the petitioner, except as to the petitions verified by Mr. and Mrs. Dann. Such petitions were circulated, apparently, by both Mr. and Mrs. Dann. Each signed the petition. Upon being attached together, each verified an affidavit as a subscribing witness. We are, therefore, of the opinion that in that instance the signature of the subscribing witness was properly authenticated. This conclusion leaves seven signers authenticating their own signatures, which we hold improper.

Some objection is raised as to the form of the verification by the subscribing witnesses. We consider the objection without substantial merit, as the verification is in practical conformity to the requirements of section 135 of the Election Law.

Eliminating from the petition the six signatures placed thereon by other than the individuals themselves, which we hold to have been improper, and eliminating the seven signatures by subscribing witnesses authenticating their own signatures, we have a total of 13 invalid signatures. Deducting the 13 from the total number of 189, we find the petition as filed contains 176 valid signatures, or one more than the necessary twenty-five percentum of the vote cast for Governor in the town of Laurens in the year 1936.

The application of the petitioner is denied, upon the grounds:

1. That the State Liquor Authority is not made a party to the proceeding;

2. That the petition as filed contains 176 valid signatures, being one more than twenty-five percentum of the vote cast for Governor in the town of Laurens in the year 1936.

Order directed accordingly, with ten dollars costs.