People v Braithwaite (2025 NY Slip Op 51844(U))

[*1]

People v Braithwaite

2025 NY Slip Op 51844(U)

Decided on November 20, 2025

Criminal Court Of The City Of New York, New York County

Shamahs, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 20, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York, Plaintiff,

against
Amar Braithwaite, Defendant.

CR-007194-25NY

For Defendant: Twyla Carter, The Legal Aid Society (Veronika Edwards, Esq. of Counsel)
For the People: Alvin Bragg, New York County District Attorney's Office (ADA Rachael Sullivan, Esq. of Counsel)

Elizabeth Y. Shamahs, J.

On February 28, 2025, at approximately 11:07 AM, at 650 Madison Avenue, New York, New York, complaining witness Britanny Davide received a text message from a phone number that she recognized as belonging to defendant, Amar Braithwaite, in violation of a Court ordered Order of Protection. Thereafter, on March 1, 2025, at approximately 8:32 PM, at the same place of occurrence, she received a phone call from the same phone number. These acts caused the complaining witness to feel annoyed, harassed, alarmed, and threatened.
For these acts, defendant was subsequently arrested and charged with one count of Criminal Contempt in the Second Degree (Penal Law [PL] 215.50[1]) and one count of Harassment in the Second Degree (PL 240.26[1]).
On March 8, 2025, an accusatory instrument was filed, and defendant was subsequently arraigned. The People were not ready for trial and the case was adjourned to March 13, 2025, for conversion, in Part D.
On March 13, 2025, the case was converted, and the criminal court complaint was deemed an information following defendant's arraignment on superseding information (SSI). The People were not ready for trial and the case was adjourned to May 23, 2025, for trial and for the People to file a Certificate of Compliance (COC) and Statement of Readiness (SOR).
On May 23, 2025, the People were not ready for trial and the case was adjourned to June 12, 2025. In the interim, the People filed and served a COC and SOR off-calendar on June 6, 2025, via EDDS, at 10:49 PM, bringing the case into the post-readiness context, after serving discovery on defendant.
On June 12, 2025, the People maintained their readiness, but defendant was not ready, citing outstanding discovery in the form of body-worn camera (BWC) videos and activity logs. The case was adjourned to July 28, 2025, for trial.
On July 28, 2025, the People were ready for trial, but defendant requested a motion [*2]schedule, which was granted by this Court.
Now, in papers dated July 30, 2025, defendant, through counsel, moves this Court for an Order dismissing the criminal court information on the ground that he has been denied a speedy trial because the People filed their COC/SOR on the 90th day after business hours of 5 PM, namely 10:49 PM. This, he argues, renders the People's COC/SOR ineffective as to being filed on the 90th day and, instead, effective as of the following day during business hours on the 91st day. He further argues that, therefore, the People have exceeded their statutory speedy trial allowances of 90 days, chargeable with 91 days, and the case must be dismissed as result (Defendant's Motion at 5-6).
Secondly, he also argues that if his primary argument noted above is denied, that, in the alternative, the criminal court information should still be dismissed on speedy trial grounds because the People's COC was invalid as certain discoverable items were belatedly disclosed or undisclosed, rendering the People's COC and SOR invalid and illusory. He also asks this Court for the right to file further motions and for any other relief the Court deems just and proper (Defendant's Motion at 6-12).
In papers dated August 19, 2025, the People oppose, arguing that the People's COC/SOR were valid, filed on the 90th day after exercising due diligence with good faith and that defendant's motion should accordingly be denied. The People also note that this Court should consider evaluate the People's COC/SOR under the new August 7, 2025, amendments to Article 245 of the Criminal Procedure Law (CPL), which applies to all pending cases as of that date. In any event, they further argue, even if this Court applied the pre-August 7, 2025 law, that the People's COC/SOR would still be valid and that defendant's motion should still be denied (People's Response).
In reply papers, dated September 5, 2025, defendant argues that this Court should evaluate the People's COC/SOR under the pre-August 7, 2025, standard because the Article 245 amendments were not expressly intended to apply retroactively. In this vein, he further argues that there is a presumption against applying a law retroactively and that the COC/SOR should be evaluated under the law at the time of the filings. Nevertheless, defendant additionally argues, that the People's COC/SOR should be deemed invalid and illusory and that the case must be dismissed pursuant to speedy trial irrespective of the standard the Court elects to apply (Defendant's Reply).
After a thorough review of the parties' moving papers, along with the annexed exhibits therein, the court file, and the court minutes, the Court's Opinion is as follows:
MOTION TO DISMISS PURSUANT TO SPEEDY TRIAL
Defendant moves this Court to dismiss this action on the basis that he has been denied his right to a speedy trial, claiming that the People have exceeded their statutory speedy trial allowances under CPL §30.30. In support of his claim, he argues that the People are over their 90-day limit, attributable with 91 chargeable days, because the People's COC/SOR was submitted via EDDS after regular business hours on the CPL 30.30 deadline of July 6, 2025, which was the 90th day after the commencement of the criminal action on March 8, 2025. He argues that the after business hours filing renders the People's statement of readiness ineffective as to being filed on the 90th day and, instead, effective as of the following day during business hours on the 91st day, after the expiration of speedy trial, because the People's COC/SOR were processed and placed in the file that day, satisfying the People's statement of readiness requirement under People v Kendzia, 64 NY2d 331, (1985) as of the 91st day, and not before. To support this argument, defendant relies on People v Lara, 85 Misc 3d 1231(A) (Crim Ct NY Co [*3]2025) and additionally relies on Lara to argue that a statement of readiness for a trial made when a trial cannot commence because courts are closed is meaningless, an empty declaration, and insufficient to stop the speedy trial clock. People v Lara, 85 Misc 3d 1231(A) (Crim Ct NY Co 2025) citing People v England, 84 NY2d 1, 4 (1994). The People oppose, contending that they are chargeable with 90 days as they filed their statement of readiness on the 90th day. Thus, the only issue, here, that this Court must decide is whether the People are chargeable with 90 days or 91 days.
In order to prevail on a motion to dismiss under CPL § 30.30 (1)(a), a defendant must present sworn allegations of fact establishing an unexcused delay that exceeds the statutory limit. People v Allard, 28 NY3d 41 (2016); People v Cortes, 80 NY2d 201, 215-216 (1992); People v Santos, 68 NY2d 859, 861 (1986); People v Lomax, 50 NY2d 351, 357 (1980). At a minimum, the defendant must claim that the People failed to announce their readiness for trial within the statutorily prescribed period in order to meet their initial burden. People v Beasley, 16 NY3d 289, 292 (2011); People v Allard, 28 NY3d 41 41 (2016); People v Luperon, 85 NY2d 71 (1995). Once the defendant has asserted that more than the statutorily prescribed time period has elapsed since the commencement of a criminal action without a valid declaration of readiness from the People, the People bear the burden of establishing sufficient excludable delay. People v Berkowitz, 50 NY2d 333 (1980).
Pursuant to CPL §30.30(1)(b), the People must be ready for trial within "ninety days of the commencement of the criminal action" where a defendant is charged with "a misdemeanor punishable by a sentence of imprisonment of more than three months " See CPL §30.30(1)(b). Here, the criminal action commenced, on a misdemeanor with a sentence of imprisonment of more than three months, on March 8, 2025, where the accusatory instrument was filed and defendant arraigned the same day, so speedy trial began to run the same day with an allowable ninety-days.
At all times until the People announce that they are ready for trial, the People are chargeable with the time that elapses unless they can show that the specific delay is not chargeable to them pursuant to an exception enumerated in the statute. CPL §§ 30.30(1), (4); People v Torres, 205 AD3d 524, 525-26 (1st Dept 2022). Moreover, under the newly enacted discovery laws defined in CPL Article 245, the People's compliance with their discovery obligations is now a prerequisite to asserting trial readiness. See CPL §§ 245.50(3); 30.30(5). Specifically, the newly revised CPL §245.50(3) states that "the prosecution shall not be deemed ready for trial for purposes of §30.30 of this chapter until it has filed a valid certificate pursuant to subdivision one of this section." CPL § 30.30(5) provides that "[a]ny statement of trial readiness must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of section 245.20." The law distinguishes between delays occurring before the People have announced their readiness for trial from those that occur after the People have announced ready. People v Anderson, 66 NY2d 529, 534 (1985). Once the People have met their statutory predicate by filing a valid COC, an accompanying statement of readiness is "presumed truthful and accurate and that a defendant who challenges such a statement must demonstrate that it is illusory" People v Brown, 28 NY3d 392 (2016). Thus, "[i]n the absence of proof that [a] readiness statement did not accurately reflect the People's position ..., the People [have] discharged their duty under CPL § 30.30" People v Carter, 91 NY2d 795 (1998)).
Being "ready for trial" means that the People have done everything in their ability to "bring the case to the point where it may be tried." People v England, 84 NY2d 1, 4 (1994). However, "neither statute nor caselaw requires that People have the ability to produce their [*4]witnesses instantaneously in order for a statement of readiness to be valid." People v Dushain, 247 AD2d 234, 236 (1st Dept 1998). Instead, in order to declare themselves "ready for trial" for CPL § 30.30 purposes, the People must satisfy two requirements. First, the People "must make an affirmative representation of readiness." People v Kendzia, 64 NY2d 331, 337 (1985). This statement can be made either on the record in open court, or by "a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk, to be placed in the original record." Id. (citations omitted). Second, the People must announce ready when they "are in fact ready to proceed"; that is, they cannot rely on "a prediction or expectation of future readiness" or "a subsequent assurance of prior readiness," but must affirm their present readiness. Id. 
Here, the People's submission of documents through EDDS satisfied both Kendzia prongs for an announcement of readiness to be effective. The People communicated their readiness for trial, at a time when they were ready to proceed, with the court and defendant on the 90th day by emailing their COC and SOR to defendant and then to the Court via EDDS.
Contrary to defendant's suggestion, there is nothing in CPL 30.30 or Kendzia specifically requires the People to file their SOR and COC with the court. Instead, as noted above, there must only be "a communication of readiness" which appears on the trial court's record, which can be accomplished through "a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk, to be placed in the original record." Kendzia, 64 NY2d at 337. Nowhere does it say that the court clerk must then also file it on the same day — only that the written notice will be "placed in the original record" (Kendzia, 64 NY2d at 337 [emphasis added]) at some point. The operative language is that the People must "sen[d]" (id. [emphasis added]) their statement of readiness to the court clerk, which was accomplished, here, by the EDDS submission to the court. The People's obligation ended there. Subsequently, the court clerk "placed" those submissions in the original record by placing them in the court file. Accordingly, the first Kendzia prong was met.
Defendant's related argument that the People could not announce ready for trial, under the second Kendzia prong, at a time when a trial could not commence fails for the same reason. Nothing in CPL § 30.30 or Kendzia states that the People's must assert their readiness when a trial can be commenced. In fact, the opposite is true. Kendzia requires that the People, instead, must declare their readiness when they "are in fact ready to proceed" and as noted above, the People do not have to produce their witnesses instantaneously for their readiness to be valid. People v Dushain, 247 AD2d 234, 236 (1st Dept 1998). Notably, the People's readiness has never been dependent upon the court being ready to proceed or available because, "court delays do not prevent the People from being ready or declaring readiness in a written off-calendar statement." People v Barden, 27 NY3d 550, 553 (2016). See also People v Kendzia, 64 NY2d 331, 337-338 (1985) ("the People are not to be penalized if court congestion causes a trial date to be set beyond the applicable time period of CPL § 30.30"); People v Chavis, 91 NY2d 500, 505 (1998) ("in the absence of a statement of readiness to proceed, any delay due to court congestion is entirely chargeable to the People"); People ex rel Franklin v Warden, 31 NY2d 498, 501-02 (1973) (the requirement that "the People" be ready for trial refers only to the District Attorney's Office, not to the court or to the state). Accordingly, "a court's inability to try the case when the announcement is made has no bearing on the validity of the People's readiness." People v Palma-Amaya, 196 NYS 3d 662, 667 (Crim Ct Kings Co 2023) citing England, 84 NY2d at 4.
Moreover, this Court is also finds defendant's reasoning unpersuasive because, under defendant's very logic, had the People submitted their statement of readiness at 4:59 PM, 4:55 [*5]PM, or 4:45 PM, regardless of whether it was via EDDS or in-person, defendant would not be making the close of business argument he makes now, despite the fact that a trial would not logically commence at any of those times either. Indeed, trials do not immediately commence once the People file a COC/SOR, regardless. See People v Middleton, 79 Misc 3d 418, 422 (Crim Ct NY Co 2023) ("it is unthinkable that a case will proceed to trial right away after the People announce that they are ready, without providing the defendant some time to review discovery material."); People v Martinez, 80 Misc 3d 1214(A) (Crim Ct Bronx Co 2023) ("the notion that immediately upon filing the COC, the defendant would be entitled to their trial is a misapprehension of the statute.").
The issue of whether an after-business hours filing is sufficiently filed is hardly novel. In fact, it's a tale as old as time. Even as far back as 1898, courts have "addressed the validity of filing documents with a clerk after business hours in accordance with the controlling statutory language that allowed for filing on the entirety of the calendar day." People v Palma-Amaya, 196 NYS 3d 662, 665 (Crim Ct Kings Co 2023), citing In re Norton, 34 AD 79 (2d Dept. 1898). In Norton, the Court interpreted whether a statutory construction law permitted a senate candidate to file his certificate of nomination with the court clerk after business hours and outside the clerk's office. Norton, 34 AD at 80-81. The Court found that so long as the rights of third parties would not be affected by filing after business hours, it would be an "abridgment of [the petitioner's] clear legal right" not to consider his certificate as filed on the same day. Norton, 34 AD at 82.
Turning to the statute itself, in interpreting the provisions of CPL § 30.30, courts must apply the General Construction Law (GCL). See People v Stiles, 70 NY2d 765, 767 (1987) (applying GCL § 20 to calculate time period under CPL § 30.30 and exclude the day of reckoning from computations). GCL § 20 provides that "[a] number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made." GCL § 20. A "calendar day," in turn, is defined as "the time from midnight to midnight." GCL § 19. Therefore, for CPL§ 30.30 purposes, a day begins at midnight and ends at the following midnight, and the People must be ready for trial before midnight on the last day of the relevant time period. This makes sense. If the GCL dictates when the speedy trial period begins, it only stands to reason that, therefore, it must also dictate its end.
Finally, during the drafting of the instant Decision, the Court of Appeals has settled the issue in the People's favor and on the same grounds as noted supra. People v Licius, 2025 WL 2979528 (Court of Appeals NY October 23, 2025) (Wilson, J) (holding that after business hours filing of a statement of readiness via EDDS on the 90th day satisfies CPL §30.30 and further holding that, contrary to defendant's contention, when the clerk's office reviews and accepts filings is irrelevant in speedy trial analysis). Accordingly, for all the reasons set forth above, defendant's motion to dismiss on speedy trial grounds is denied as meritless as the People are attributable with 90 days chargeable, within their statutory limit. Defendant's remaining contentions are also denied for the foregoing reasons. 
MOTION CHALLENGING THE CERTIFICATE OF COMPLIANCE
Defendant moves to invalidate the People's COC and the People's subsequent SCOCs, on the ground that items were belatedly disclosed or undisclosed. Specifically, defendant takes issue with belatedly disclosed police officer witness disciplinary information, bodyworn camera (BWC) video footage and metadata for Officer Radonic, activity logs for Officer Radonic and Detective Kostabardis, police officer witness information, and a home visit report. Defendant [*6]also contends that he was arrested in the presence of defense counsel outside of Part D on March 7, 2025, but he is unaware as to the identity of the officers, aside from Detective Kostabardis, who placed him under arrest and that this information therefore remains outstanding.
The People oppose defendant's motion, arguing that their COC and SCOCs were valid, filed in good faith after exercising due diligence, and that the belated disclosures do not vitiate the validity of the initial COC. The People additionally assert that they requested that material prior to the filing of the initial COC but did not receive additional subsequently disclosed IAB and CCRB materials until after the filing. They also argue that the initial failure to disclose material pertaining to Officer Radonic was due to oversight as Officer Radonic had left the NYPD. The People did not learn of or obtain that information until they were made aware of it and that the belatedly disclosed information was duplicative to materials already disclosed. Next, the People contend that contrary to defendant's claim, the other officer who arrested defendant was identified in their disclosures. As to the home visit report, the People aver that before the filing of the COC, police officers had confirmed that no paperwork remained outstanding and that once they learned of the home visit report's existence, they subsequently obtained and disclosed it.
As recently amended, effective August 7, 2025 to pending criminal actions such as this one, article 245 of the Criminal Procedure Law requires the People to disclose to a defendant "material and information in the possession, custody or control of the prosecution or under the prosecution's direction and control," and provides a non-exhaustive list of materials subject to "automatic" disclosure. CPL § 245.20(1). Under CPL § 245.20(2), the People are required to "make a diligent, good faith effort to ascertain the existence of material or information discoverable under [CPL § 245.20(1)] and to cause such material or information to be made available for discovery where it exists but is not within the prosecutor's possession, custody or control." The People are not required, however, "to obtain material or information if it may be obtained with the use of a subpoena duces tecum where the defense is able to obtain the same material with the use of a subpoena duces tecum." CPL § 245.20(2).
The People must also certify their discovery compliance in writing by filing a COC. Importantly, the People may file their COC even if they have not yet disclosed all automatically discoverable items provided that they have "exercised due diligence and acted in good faith in making reasonable inquiries and efforts to obtain and provide the discovery required by [CPL § 245.20(1)]." CPL§ 245.50(1). The COC must "state that, after exercising due diligence and making reasonable inquiries and efforts to ascertain the existence of, obtain, and disclose material and information subject to discovery, the prosecution has disclosed and made available all known material and information it has obtained subject to discovery." CPL § 245.50(1) (emphasis added). The COC must also identify "the items provided" and "the items that the prosecution is required to disclose and of which the prosecution is aware but has been unable to obtain despite the exercise of due diligence as evaluated under this section." CPL § 245.50(1). If the People provide additional discovery in connection with their ongoing obligations outlined in CPL § 245.60, they must file "a supplemental certificate" that "identif[ies] the additional material and information provided." CPL §245.50(1). A SCOC will not impact the validity of the original COC if filed in good faith and after exercising due diligence or when the additional discovery did not exist when the initial COC was filed. CPL §245.50(1-a).
Once the People file a COC, a defendant must notify the People of any potential deficiencies in the COC by making "good faith efforts to confer with the [prosecution] regarding the specific and particularized matters" regarding the allegedly missing discovery. Then, if "no [*7]accommodation can be reached," the defense may file a motion to invalidate the People's COC provided that: (1) they do so within thirty-five days of the service of the People's COC; and (2) they file an accompanying affirmation of conferral stating that the defense "conferred in good faith or timely made good faith efforts to confer with the [prosecution] regarding the specific and particularized matters forming the basis for such challenge, that efforts to obtain the missing discovery from the [prosecution] or otherwise resolve the issues raised were unsuccessful, and that no accommodation could be reached." CPL § 245.50(4)(b)-(c). Significantly, the statute further specifies that "the court may grant a remedy or sanction for a discovery violation as provided in [CPL § 245.80]." CPL § 245.50(1). Any such remedy or sanction must be "appropriate and proportionate to the prejudice suffered by the party entitled to disclosure." CPL §245.80(1).
To determine the validity of the People's COC, a reviewing court must assess the People's due diligence. As the Court of Appeals held in People v Bay, 41 NY3d 200 (2023), due diligence is a "flexible standard that requires the People to make reasonable efforts to comply with statutory directives." Bay, 41 NY3d at 211 (internal quotation marks omitted). "Reasonableness, then, is the touchstone—a concept confirmed by the statutory directive to make 'reasonable inquiries.'" Id. at 211-12. Moreover, the Court recognized that, "[a]lthough the relevant factors for assessing due diligence may vary from case to case, courts should generally consider, among other things:" (1) "the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements;" (2) "the volume of discovery provided and outstanding;" (3) "the complexity of the case;" (4) "how obvious any missing material would likely have been to a prosecutor exercising due diligence;" (5) "the explanation for any discovery lapse;" and (6) "the People's response when apprised of any missing discovery." Id. at 212. These six factors are now part of the statutory due-diligence analysis under CPL § 245.50(5)(a). This section also requires courts to consider whether: (1) "the belated discovery was substantively duplicative, insignificant, or easily remedied;" (2) "the omission was corrected;" (3) "the prosecution self-reported the error and took prompt remedial action without court intervention;" and (4) "whether the prosecution's delayed disclosure of discovery was prejudicial to the defense or otherwise impeded the defense's ability to effectively investigate the case or prepare for trial." CPL § 245.50(5)(a). A reviewing court must "look at the totality of the party's efforts to comply with the provisions of [article 245], rather than assess the party's efforts item by item." CPL § 245.50(5). The statute further directs that "[t]he court's determination shall be based on consideration of all factors listed in [245.50(5)(a)] and no one factor shall be determinative." CPL § 245.50(5)(b).
Indeed, the Bay decision made clear that, in assessing the validity of a COC, the reviewing court should engage in a "holistic assessment of the People's efforts to comply with the automatic discovery provisions, rather than a strict item-by-item test that would require [a court] to conclude that a COC is improper if the People miss even one item of discovery." People v Cooperman, 225 AD3d 1216, 1220 (4th Dept 2024); see also People v Williams, 224 AD3d 998, 1006-07 (3d Dept 2024) (People's COC was valid even though three discoverable items had not been disclosed where People provided "extensive" discovery before filing COC, identified missing items when they filed the COC, and acknowledged their duty to provide missing items upon receipt). Notably, "[a]rticle 245 is not intended for use as a 'sword,' whereby [ADAs] are expected to run themselves ragged in at times futile or near-futile attempts to procure material in which defense counsel has no substantive interest beyond exhausting the People's statutory speedy trial time or hoping that the People, in frustration, opt to abandon the [*8]prosecution." People v Barrios, 82 Misc 3d 606, 613 (Crim Ct Bronx Co 2024); see also People v Thompson, 79 Misc 3d 1220(A), *2 (Crim Ct Kings Co 2023) (article 245 "does not require the impossible; it does not demand that every scrap of discoverable information be turned over before the People may file a [COC]") (internal quotation marks omitted).
Furthermore, certain delays or discovery issues should not invalidate a COC that was made in good faith, after the exercise of due diligence and efforts made by the prosecution to comply with statutory obligations. Bay at 210-213. If the delay is a result of oversights in the production of material, delayed discovery of the existence of certain items, a good faith position that the material in question was not discoverable, or voluminous files, the Bay decision clearly posits that a court should apply a "holistic assessment" of the efforts made by the People to comply with their discovery obligations when evaluating the validity of a COC. Id. Moreover, several courts have found that certain delays or discovery issues should not invalidate a COC that was made in good faith, after the exercise of due diligence, and where, for example, the delay was a result of oversights in the production of material, delayed discovery of the existence of certain items, voluminous discovery, non-existent items, or material unrelated to the case. People v Cano, 71 Misc 3d 728 (Sup Ct, Queens County 2020); People v Lustig, 68 Misc 3d 234 (Sup Ct, Queens County 2020) (Zayas, J)(court found the People's certificate of compliance to be valid, since it was clearly filed in good faith under CPL § 245.50(1) and, therefore, no adverse consequence to the prosecution should result from the fact that the certificate was filed prior to the disclosure of the database search results).
After a thorough review of the moving papers, court file, COC, and supplemental COCs filed, the Court applied a "holistic assessment" of the People's efforts to comply with their discovery obligations, being mindful that perfection is not required. See Bay, 41 NY3d at 212. Here, the People's disclosures demonstrate that they initially disclosed activity logs, BWC footage and metadata, arrest paperwork, ECMS files, DD5s, vouchers, domestic violence notes, witness text messages, and more, demonstrating good faith and due diligence. The People's initial disclosures were extensive and substantial, especially in comparison to the belatedly disclosed materials that defendant cites (Defendant's Motion). After defense counsel requested additional discovery, the People were responsive to those requests to resolve any potential discovery lapses as they made various attempts to provide defense counsel with requested materials and did so, with reasonable explanations for the belated production. Moreover, the belated discovery was substantively duplicative, insignificant, and/or easily remedied. Taken together, this demonstrates that the People's initial COC, and subsequent COCs/SCOCs, made in good faith and after exercising due diligence, were valid and reasonable under the circumstances.
In any event, defendant nevertheless received the very material that he now claims as a defect. And as initially outlined above, "belated disclosures should not invalidate a [COC] that was made in good faith after the exercise of due diligence where the delay resulted from, for example, minor oversights in the production of material, delayed discovery of the existence of certain items, or a good faith position that the material in question was not discoverable." People v Perez, 73 Misc 3d 171, 176 (Sup Ct Queens Co 2021). People ex rel. Nieves obo Taipe v McGinley-Liddie, 2024 WL 4660126 (2d Dept November 4, 2024) (COC upheld where People disclosed additional materials after filing it); People v Pondexter, 76 Misc 3d 349, 356 (Crim Ct NY Co 2022) ("once alerted to the single missing document—which was of minimal importance—the People immediately sought and disclosed it and provided a reasonable explanation for its belated production"). Finally, defendant hasn't received "any evidence or information that he had not received or that he had received too late to use effectively." People v [*9]Elmore, 211 AD3d 1536 (4th Dept 2022) and is entirely unprejudiced as a result. There has been no hearing or trial and not a single witness has been sworn. There can simply be no prejudice. Thus, defendant's motion is denied.
In sum, after a thorough review of the moving papers, court file, COC, and supplemental COCs filed, the Court applied a "holistic assessment" of the People's efforts to comply with the discovery. The People have demonstrated that they acted in good faith and exercised due diligence by describing the detailed actions they took to comply with discovery obligations, and any belated discovery was disclosed once they were alerted, providing reasonable explanations as to the belated production. The People also meaningfully addressed and delineated the items listed in the defendant's papers. For the aforementioned reasons, the Court finds that the People have in fact complied with their discovery obligations pursuant to CPL §245, and therefore, the COCs/SCOCs are valid. Accordingly, the defendant's motion to invalidate the People's COC filed is denied. Defendant's remaining contentions are denied as meritless.
The foregoing constitutes the Opinion, Decision, and Order of the Court.
Dated: November 20, 2025
New York, New York
ELIZABETH Y. SHAMAHS, J.C.C.